MARX *v.* BERRY.

(Division B. May 18, 1936.)

[168 So. 61. No. 32253½.]

(1)

J. Hunter Garth, of Hazlehurst, and Ross R. Barnett, Arden Barnett and P. Z. Jones, Jr., all of Jackson, for appellant.

W. S. Henley, of Hazlehurst, and G. Q. Whitfield, of Jackson, for appellee.

4

6

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action against appellant in the circuit court of Copiah county to recover damages for an injury caused by a collision between appellee's truck, being driven by himself, and a truck belonging to appellant, being driven by his servant, Alex Catchings, alleged to have resulted from the negligent handling of appellant's truck. There was a verdict and judgment in appellee's favor in the sum of one thousand dollars. From that judgment appellant prosecutes this appeal.

Appellant is a road contractor with headquarters in Hazlehurst. In his road work he uses trucks to haul materials, and employs drivers and other helpers; part of his road work consists in hauling and spreading gravel. Appellee is a vegetable farmer living east of Hazlehurst. On the 22d of February, 1935, he was returning home from Hazlehurst, where he had been to get some cabbage plants. Appellant's truck was returning to Hazlehurst. The two trucks collided about two miles east of town. Appellee suffered a fractured skull and was in a hospital for some time.

Appellee claimed that appellant's truck was being operated in violation of section 5575, Code 1930, being part of the motor vehicle chapter, and that that was the cause of the collision and injury. That section is in this language: "Every motor vehicle shall carry, during the period from one-half hour after sunset to one-half hour before sunrise, at least two lights, showing white lights, visible at least two hundred feet in the direction toward which such motor vehicle is proceeding, and shall also exhibit one red light, visible in the reverse direction. Said red light shall be so hung upon the motor vehicle so that it will illuminate and make visible the register number of said vehicle; provided, however, that the

user of such motor vehicle may proceed to his destination in event of a bona fide failure of his lights to operate, if he sounds his signal device at least once in every two hundred feet, does not proceed at a rate of speed greater than ten miles an hour, and takes the first reasonable opportunity to put his lights in order; otherwise such operator shall be deemed guilty of a violation of the foregoing provision. Every motor vehicle while in use on the public highway, or any street, avenue or alley, shall be equipped at all times with at least two independent and effective brakes, and with a suitable and effective signal device, for giving notice of its approach, and also with an effective muffler which shall not be cut out or disconnected within the corporate limits of any municipality in this state. But, no passenger car shall be equipped with a cutout or open muffler."

"Section 5588 of the same chapter provides, among other things, that "in any action brought to recover any damages, either to person or property, caused by running or operating such motor vehicle in violation of any of the provisions of this chapter, the plaintiff or plaintiffs shall be deemed to have made out a prima facie case by showing the fact of such injury, and that such person or persons operating, or causing to be run or operated, such motor vehicle, was at the time of the injury running or operating, or causing the said motor vehicle to be run or operated in a manner contrary to the provisions of this chapter."

Appellant's truck was without headlights of any kind. There was no controversy about that. The main issue of fact was whether, at the time of the collision, lights were required by the statute. The evidence for appellant was to the effect that the collision occurred before one-half hour after sunset; therefore, lights were not required. The evidence on behalf of appellee tended to show that it occurred not only later than one-half hour after sunset but after dark. The headlights of appellee's truck were on, taking the evidence in his behalf as

true. His evidence also tended to show that the proximate cause of the collision was the absence of headlights on appellant's truck.

The principal ground relied on for a reversal was the giving of the following instruction for appellee: "The Court instructs the jury at the request of the plaintiff that if you believe from the preponderance of the evidence in this case that the collision between the plaintiff's and defendant's Trucks involved in this suit occurred more than one-half hour after sunset; then your verdict should be for the plaintiff, as to liability."

The instruction is manifestly erroneous. By it the court plainly told the jury that if appellant was violating the statute at the time of the collision they should return a verdict for appellee regardless of whether or not the violation had any causal connection with the collision; in other words, whether it was the proximate cause or not. It is true that under section 5588 a violation of the statute makes out a prima facie case of liability but not an absolute case; it is still left for the jury under all the evidence to say whether or not the violation was the proximate cause of the injury.

A like question has arisen several times under section 6130, Code 1930, the railroad speed statute. That statute fixes the maximum speed in municipalities and provides that any railroad company violating it shall be liable for any injury resulting therefrom. The court in construing the statute has held that the excessive speed must be the proximate cause of the injury, otherwise there is no liability. Alabama & V. Ry. Co. v. Carter, 77 Miss. 511, 27 So. 993; Clisby v. Mobile & O. R. Co., 78 Miss. 937, 29 So. 913; Mississippi Central R. Co. v. Robinson, 106 Miss. 896, 64 So. 838; Brinkley v. Southern R. Co., 113 Miss. 367, 74 So. 280.

Appellee argues that if there was error in the instruction complained of, it was cured by other instructions. It is true that in other instructions given appellee the court told the jury that the evidence must show that the

violation of the statute was the proximate cause of the injury. We do not think the error was curable by other instructions. The instructions are not reconcilable; they are radically conflicting, and therefore calculated to mislead the jury. In one instruction the court told the jury that if they believed a given state of facts (that the statute was being violated) they should return a verdict for appellee. In other instructions the jury were told that, under exactly the same state of facts, to authorize a verdict for appellee the violation of the statute must have been the proximate cause of the injury. The instructions cannot be read into each other so as to make a consistent whole; they fail to furnish the jury a correct guide. Such an error is harmful and reversible. House v. Fultz, 13 Smedes & M. 39; Southern R. Co. v. Kendrick, 40 Miss. 374, 90 Am. Dec. 332; Herndon v. Henderson, 41 Miss. 584; Mississippi Central R. Co. v. Miller, 40 Miss. 45; Illinois Cent. R. Co. v. McGowan, 92 Miss. 603, 46 So. 55.

We do not think the other assignments of error have sufficient merit to require a discussion.

Reversed and remanded.