Margaret Louise **BREITWIESER** and James J. Breitwieser, Plaintiffs-Appellants,

v.

**KMS INDUSTRIES, INC., d/b/a Advo Systems,** Defendant-Appellee.

No. 71-3422.

United States Court of Appeals, Fifth Circuit.

Sept. 21, 1972.

Rehearing and Rehearing En Banc Nov. 2, 1972.

William V. George, Lavinia B. George, George & George, Forest Park, Ga., for plaintiffs-appellants.

Thomas B. Branch, III, Greene, Buckley, Derieux & Jones, Atlanta, Ga., for defendant-appellee.

Before WISDOM, THORNBERRY and GODBOLD, Circuit Judges.

THORNBERRY, Circuit Judge:

The issue in this case is whether the child labor provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 212, and the regulations promulgated pursuant thereto, create a private cause of action for damages for wrongful death. This is apparently a question of first impression.

Appellants are the parents of a sixteen-year-old boy who died when the forklift truck he was driving, while allegedly in the scope of his employment with appellee, turned over. In Order No. 7, 29 C.F.R. § 422.7, issued on the authority of 29 U.S.C.A. § 203($l$), the Secretary of Labor declared the operation of a high lift forklift truck to be an occupation "particularly hazardous" for employees under the age of eighteen years old. The decedent's assignment to the forklift was thus in violation of the Act.

This diversity case was originally brought in the court below as a wrongful death action based on Georgia law. The complaint was later amended to allege the FLSA as a separate basis for liability. The district court ruled on a motion to dismiss that the FLSA did not create an independent cause of action for wrongful death. He grounded his decision on statutory construction concluding that since the FLSA establishes civil remedies for certain violations but only criminal sanctions for child labor violations, Congress must not have intended private damage suits to be an available remedy under the child labor section of the Act. Subsequently, the court held on a motion for summary judgment that appellants' wrongful death claim was barred by Georgia workmen's compensation law, Ga.Code Ann. § 114–103. This appeal followed.

Appellants argue first that they have a right to damages based on the alleged FLSA violation and secondly that their state law wrongful death claim is not precluded by the Georgia workmen's compensation statute. The second contention is without merit but the first requires comment.

Appellants concede that the FLSA does not provide on its face for damages as a remedy in child labor cases. Instead they rest their case on the oft-stated principle that when there is a right there is a remedy, *See* Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L. Ed. 939 (1946). They argue that (1) the FLSA establishes the right of sixteen year olds not to be assigned to certain hazardous work, (2) that right has been violated, and (3) the Act does not provide a remedy; therefore, they conclude, the federal courts should fashion a remedy in the form of monetary damages.

This theory of recovery has a serious flaw, namely that the FLSA *does* establish a remedy for contravention of its child labor provisions. Although federal courts have on occasion implied remedies for infringement of federally conferred rights, *e. g.*, Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); J. I. Case Company v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964); Gomez v. Florida State Employment Service, 5th Cir. 1969, 417 F.2d 569, they have done so only when the law creating the right provided for no remedy or for a grossly inadequate remedy. The courts have thus implied relief when necessary to prevent abrogation of congressional policies. The instant case presents a very different situation in that the FLSA, rather than lacking in remedies or providing inadequate remedies, contains a comprehensive enforcement scheme, 29 U.S.C.A. §§ 215–217, including substantial criminal penalties for violations of child labor law.

Appellants rely primarily on the three cases cited, *supra.* In J. I. Case Company v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964), the Supreme Court was faced with an alleged violation of § 14(a) of the Securities Exchange Act of 1934. § 27 of the Act gave the federal courts jurisdiction over violations but did not specify what relief might be granted. The Court held that § 27 was an adequate basis for a suit for damages. *J. I. Case,* although ostensibly a statutory construction decision, is a case in which the Court implied a remedy when none was specifically provided by the statute. However, whether we denominate *J. I. Case* a statutory construction case or an implied remedy case, it is distinguishable from the cause

before us. First, the FLSA simply cannot be construed to create a private cause of action for damages in a child labor case. Secondly, taking the implied remedy tack, we note that the Securities Exchange Act and its legislative history indicated a strong congressional policy against stock fraud. The Act set out, however, no specific remedy for achieving this congressional goal. The Court was thus faced with the choice of fashioning a remedy or risking nullification of congressional intent.

We, therefore, believe that under the circumstances here it is the duty of the courts to be alert to provide such remedies as are necessary to make effective the congressional purpose.

*J. I. Case, supra,* at 433, 84 S.Ct. at 1560. In contrast, in the instant case we do not need to leap into the legislative breach to preserve congressional goals because there is no breach. Congress has provided remedies of its own in the FLSA.

The second case that appellants urge in support of their position is Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The plaintiff in *Bivens* was the victim of an allegedly illegal search by federal agents. The Court held that he could sue the agents for damages. The fourth amendment, on which the suit was grounded, does not, of course, set out any specific remedies for violations. Moreover, the court-developed remedy of suppression of evidence is useless to an innocent person. *Bivens* thus presented a clear case of a federal right without a federal remedy. The issue was whether the plaintiff should be relegated to a tort suit based on state law. The Court held he was not, concluding that when federal law creates a right there should be a federal remedy. In the instant case there is a federal remedy for infringement of the federal right; it is set out in the statute itself.

Appellant's third case is Gomez v. Florida State Employment Service, 5th

Cir. 1969, 417 F.2d 569. In *Gomez* the employers of migratory workers and certain state officials had allegedly violated the Wagner-Peyser National Employment System Act. The workers alleged they had been paid inadequately and subjected to abominable living conditions. The only sanction set forth in the Act was a cut off of federal grants to the states for programs under the Act. The court decided that this remedy was inadequate and held that the workers were entitled to additional relief under the Act.

The three cases relied on by appellants involve violations of federal rights where the remedy provided by the law creating the right was unclear, *J. I. Case,* nonexistent, *Bivens,* or grossly inadequate, *Gomez.* The courts were thus faced with federal policies that were likely to be undermined if the court did not provide effective relief to the complainant. The instant case is distinguishable. First, we do not have a statutory construction problem such as existed in *J. I. Case.* The FLSA clearly does not provide for damages in child labor cases. Secondly, we do not have a right without a remedy as in *Bivens* or with an inadequate remedy as in *Gomez.* The FLSA explicitly provides for criminal penalties of up to six months in prison and a $10,000 fine for child labor violations, 29 U.S.C.A. § 216. Thirdly, the one thread that runs through the three cases discussed is absent here: Congress' determination that sixteen year olds shall not be assigned to forklifts will not be subverted if we fail to read a civil damages remedy into the Act. The criminal sanctions found in the Act are substantial enough to serve as an adequate deterrent to violations of the Act's child labor provisions.

The Supreme Court said in *Bivens* that the existence of a state remedy for violation of a federal right does not preclude a federal court from fashioning a federal remedy to ensure the enjoyment of that right. However, in *Bivens* the question was whether state relief should be the *exclusive* recourse since the

fourth amendment, which was the basis of the suit, provided no remedy. The Court decided that it should not be and decreed federal relief.

■■ The question in the case before us is different. We must decide here whether we should imply an *additional* federal remedy although a substantial one already exists. We are asked to order civil damages since the FLSA provides only criminal penalties that offer no solace to the injured party. We believe that in this situation, where Congress has provided a remedy but we are urged to formulate a more extensive one, it is appropriate to look, as the district court did, to appellants' remedies under state law to determine if additional federal relief is necessary to implement Congress' intent in enacting the child labor law.

We conclude that further relief is not called for. Although Georgia workmen's compensation law provides low awards to the beneficiaries of deceased workers without dependents—$750 in this case —the State does provide relief. We conclude that the size of the state award does not justify a federal court's creating a new federal remedy based on a statute that gives no hint of such a remedy in a field—job-related injuries to employees—that has traditionally been left to the states.

In summary, we can find no indication that Congress intended the FLSA, which was passed to deter oppressive child labor and contains substantial enforcement provisions, to form the basis for an expansion of state wrongful death liability. *See* Rogers v. Ray Gardner Flying Service, Inc., 5th Cir. 1970, 435 F.2d 1389. Moreover, we do not believe policy considerations call for this Court to extend FLSA remedies to include private suits for damages. In *Bivens, supra,* Justice Harlan said

[I]n suits for damages based on violations of federal statutes lacking any express authorization of a damage remedy, this Court has authorized such relief where, in its view, damages are necessary to effectuate the congressional policy underpinning the substantive provisions of the statute. *Bivens, supra,* 403 U.S. at 402, 91 S.Ct. at 2008 (Harlan J. concurring). This is not such a case.

Affirmed.

WISDOM, Circuit Judge (dissenting):

I respectfully dissent.

I would hold that the Fair Labor Standards Act created a federal right in minors to be free from working in hazardous employment tasks. The existence of this statutorily created right implies a remedy in damages for the individual who is injured by his employer's violation of the right.

The majority find "a serious flaw" in the plaintiff's theory of recovery in that "the FLSA *does* establish a remedy for contravention of its child labor provision". (Original emphasis). This case differs, therefore, the Court contends, from cases involving federal regulatory statutes which provide no remedy. The remedy here, according to the majority, is "a comprehensive enforcement scheme, 29 U.S.C.A. §§ 215–217, including substantial criminal penalties for violations of child labor law".

I have conceptual difficulties in thinking of criminal sanctions as remedial. Assuming, however, that they are remedial in terms of inhibiting future violations of the child labor provisions of the law, the enforcement scheme is society's remedy; it is not the victim's. A fine and prison sentence imposed on the offender put no money in the bank to compensate the minor for his injury or his family for his death. The individual minor's right to work under safe conditions has been violated by the employer's breach of a statutory duty owed to the minor as well as to society. If the majority's view were sound, in the absence

of specific statutory language authorizing a suit for damages there could never be a private right of action for conduct newly defined by federal law as a public wrong.

We know, however, that in numerous situations courts have inferred civil liability from violation of a statute or regulation that is silent as to civil liability. See Gomez v. Florida State Employment Service, 5 Cir. 1969, 417 F.2d 569, 576; Note, Implying Civil Remedies from Federal Regulatory Statutes, 77 Harv.L. Rev. 285 (1963). The most conspicuous examples are private actions for violation of the federal securities law. Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 only prohibit certain conduct; they do not provide compensation for the parties injured by the violations or recognize a standing to sue for recovery of damages. Yet the courts are clogged with private actions based on § 10(b); the courts' problem now is how to devise reasonable limits on the implied right to hold offenders civilly liable. See Birnbaum v. Newport Steel Corp., 2 Cir. 1952, 193 F.2d 461. See also Herpich v. Wallace, 5 Cir. 1970, 430 F.2d 792, 794.

As Chief Judge Brown pointed out in Gomez v. Florida State Employment Service, 5 Cir. 1969, 417 F.2d 569, 576, the "implication of a private civil remedy was first recognized by the Supreme Court in 1916 in Texas & Pacific Ry. Co. v. Rigsby, 241 U.S. 33, 36 S.Ct. 482, 60 L.Ed. 874, where the Court held that an employee could recover damages under the Federal Safety Appliance Act." [1] In *Rigsby* the Supreme Court declared: "[D]isregard of the command of the statute is a wrongful act, and where it results in damage to one of the class for whose especial benefit the statute was enacted, the right to recover the damages from the party in default is implied . . . . " This doctrine has been applied to many regulatory statutes "and is invoked with increasing frequency, in the federal courts". Note, Implying Civil Remedies from Federal Regulatory Statutes, 77 Harv.L.Rev. 285 (1963).

A considerable portion of the majority opinion is devoted to attempting to distinguish three leading cases which support the plaintiff's theory of recovery. These cases are J. I. Case Company v. Borak, 1964, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423; Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 1971, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619; and Gomez v. Florida State Employment Service, 5 Cir. 1969, 417 F.2d 569. The majority's effort to distinguish these cases falls short of its goal.

(1) *J. I. Case.* First, the Court declares that "FLSA simply cannot be construed to create a private cause of action". This statement suggests that the Securities Exchange Act can be construed to create a private cause of action. But although private remedies are expressly provided for in certain sections of the Act (e. g. §§ 9(e), 16(b), and 18(a)), there is no language that can be said to provide a private remedy under §§ 10(b) and 14. Second, the Court argues that the Securities Exchange Act is based on a strong congressional policy against stock frauds. This, however, is matched by the equally strong congressional policy against the improper use of child labor. On any scale of social values the interests of working minors rank at least as high as the interests of stockholders defrauded by misleading proxies. *Cf. Bivens,* 403 U.S. at 410, 91 S.Ct. 1999, 29 L.Ed.2d 619. Third, as for the "remedy", Congress provided as comprehensive a

---

1. The FSAA is no longer held to provide a basis for an implied cause of action. *See* Jacobson v. New York, N. H. & H. R. R., Co., 1 Cir. 1953, 206 F.2d 153, aff'd per curiam 347 U.S. 909, 74 S.Ct. 474, 98 L.Ed. 1067 (1954) ; Moore v. Chesapeake & O. Ry. Co., 1934, 291 U.S. 205, 54 S.Ct. 402, 78 L.Ed. 755. But the safety requirements of the FSLA set the standard of care owed to interstate railway employees under the FELA.

scheme of sanctions for violations of the Securities Exchange Act, including substantial criminal penalties, as it did under FLSA. 15 U.S.C. § 78ff.

(2) *Bivens.* The majority attempts to distinguish *Bivens* by reasserting the theory that, unlike the FLSA, which has a remedy (a comprehensive scheme of enforcement), the Fourth Amendment has no specific remedy for its violation. The Court overlooks the fact, however, that there are criminal penalties for violation of the Fourth Amendment, 18 U. S.C. § 2236 (1970), and that the exclusionary rule, barring the use of evidence unconstitutionally seized, is an effective remedy to a defendant in any criminal prosecution.[2]

(3) *Gomez.* *Gomez* is troublesome to the majority. In that case, this Court concluded that cutting off federal grants to the states for programs under the Wagner-Peyser National Employment System Act was an inadequate remedy for those who suffered from the loss— the workers. That is similar to the situation we have here. Criminal sanctions against an employer for violation committed in the past or injunctions against violations in the future offer no remedy to the minor who has suffered the injury from the employer's misconduct.

Initially the Court took the broad view that there is no implied civil remedy under the FLSA because the Act provides a comprehensive enforcement scheme including criminal sanctions, In attempting to distinguish *J. I. Case*, *Bivens* and *Gomez* the Court apparently retreated to the more tenable position that in these cases the enforcement measures were inadequate. Undoubtedly they were. I ask, inadequate to whom? It seems to me that, absent the civil liability of the offender, the SEC Act, the Fourth Amendment, the Wagner-Peyser National Employment System Act, and the FLSA are all inadequate for the individual whose rights under any of those laws are violated by the offender's breach of duty.

In Herpich v. Wallace this Court said, citing J. I. Case v. Borak: "The SEC deems itself unequipped to make persons whole who have been injured by violations of Rule 10b–5; it seeks only to deter violators of the rule by making violations unprofitable . . . . Moreover, the Commission has neither the manpower nor the time that completely effective enforcement of the securities laws by it alone would require. Consequently, private actions brought for violations of the rule serve as a 'necessary supplement to Commission action.' J. I. Case Co. v. Borak, 377 U.S. 426, 432, 84 S.Ct. 1555, 1560, 12 L.Ed.2d 423 (1964)." Similarly, in *Gomez* this Court recognized that to achieve "the purpose of the regulations—the protection of migratory farm workers"—it was necessary or appropriate to allow a "private civil remedy . . . to individuals, acting as a private Attorney General". 417 F.2d at 576.

This is an acceptable rationale for implication of a civil remedy from a federal regulatory statute. But the same arguments for allowing private actions under the SEC Act or the Warner-Peyser Act would allow private actions under the FLSA in the interest of working minors. The Secretary of Labor has no way of making whole a minor who is injured as a result of being assigned to a hazardous task beyond his competency to perform. Nor does the Labor Department have the manpower or the time that complete enforcement of the law by it alone would require. Consequently civil

---

2. For a discussion of *Bivens* in the context of the power to infer remedies directly from the constitution without benefit of express congressional authority to bring a civil action see Dellinger, Of Rights and Remedies: The Constitution as a Sword, 85 Harv.L.Rev. 1533 (1972).

suits for violations of the FLSA serve as a necessary or appropriate supplement in the nature of an action by a private attorney general to effectuate congressional policy in favor of protecting child labor from an employer's abuses.

I would take a simple approach to this case, one that need not rely on the fiction that the plaintiff is a private attorney general. The effect of the Act is to impose on employers the duty of assigning minors only to non-hazardous tasks. Correlatively, working minors have a right to be free from assignment to hazardous tasks. An employer's violation of his statutory duty imposes civil liability in this as in any other case where the violation of a duty causes injury to an individual to whom the duty is owed. For every right there is a remedy. If the right is created by a federal statute, the federal courts have the power to fashion an appropriate remedy. As Mr. Justice Black said in Bell v. Hood, 327 U.S. at 684, 66 S.Ct. at 777, a statement Mr. Justice Brennan quoted for the majority in *Bivens*: "where federally protected rights have been invaded, it has been the rule from the beginning that courts will be alert to adjust their remedies so as to grant the necessary relief".

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

WISDOM, Circuit Judge, dissents from the petition for rehearing.