**Jack M. OTTO and Maryland Casualty Company, Plaintiffs,**

**v.**

**SPECIALTIES, INC., Defendant.**

**No. DC 73-63-K.**

United States District Court,
N. D. Mississippi,
Delta Division.

Sept. 27, 1974.

James O. Marty, Memphis, Tenn., for plaintiffs.

Thomas M. Murphree, Jr., Jackson, Miss., for defendant.

## MEMORANDUM OPINION

KEADY, Chief Judge.

The court has before it the motion of defendant, Specialties, Inc., for an order to limit the plaintiffs in the character of the evidence which they may present upon trial. For the reasons to follow, we believe that the motion is meritorious and must be sustained.

This diversity action arises out of an accident which occurred at the defendant's place of business at Olive Branch, Mississippi. Jack M. Otto, plaintiff, a citizen of Tennessee, was at that time employed by Jet Electric Company, a Tennessee concern which often performed various electrical jobs at the defendant's Mississippi office. Although the circumstances surrounding the accident are in dispute, this much is clear. On June 2, 1972, plaintiff went to defendant's place of business to perform some work for the defendant; and while so engaged, he fell from a ladder belonging to the defendant, and injured himself.

Otto claims damages for his injuries under both the Mississippi common law of negligence and the Occupational Safety and Health Act of 1970 (OSHA), 29 U.S.C. § 651 et seq. Otto's OSHA claim is based on allegations that the ladder from which he fell was structurally deficient, in violation of minimum safety standards issued pursuant to OSHA by the Secretary of Labor.

Defendant contends that OSHA cannot be utilized by Otto in this action, since the Act does not expressly provide any private civil remedy for its violation. Defendant further claims that no private remedy may be implied from the Act and, therefore, plaintiff should be prohibited at trial from referring to the Act or to any of the safety standards promulgated pursuant to it.[1]

---

1. Specialties makes another argument which it is unnecessary to treat here—that the Act by its terms authorizes regulation of the activities of "employers", and that since Otto here occupied the status of an independent contractor in his relations with Specialities, Specialties cannot be said to be an "employer" within the scope of OSHA.

Otto concedes that the Act makes no express provision for a cause of action by an injured worker against an employer whose violations of OSHA safety standards proximately causes the worker's injury. Otto argues, however, that courts have often permitted civil damage suits to be maintained where federal statutes proscribe certain conduct and provide only for penalties against the violator as a means of enforcement. Plaintiff's argument is essentially that, where a federal statute evinces a Congressional policy determination, the federal courts should promote the attainment of those expressed goals by providing for judicial remedies. Otto also asserts that, even if this court declines to allow a federal civil action based on violation of OSHA regulations, those safety standards may still be utilized here under the Mississippi common law of negligence, as evidence of negligent conduct by Specialties.

The avowed purpose of OSHA, as stated in the initial section of the Act, is to "assure so far as possible every working man and woman in the Nation safe and healthful working conditions . . . ." 29 U.S.C. § 651(b). In achieving this goal, OSHA mandates the promulgation of safety and health standards by the Secretary of Labor which have the force of law. See 29 U.S.C. §§ 654, 655.[2] Violation of the standards is punishable by specified criminal and civil penalties of considerable severity. 29 U.S.C. § 666. Nowhere in the Act or in its legislative history can be found any indication that Congress intended to allow additional civil actions instituted by aggrieved employees injured through violations of OSHA standards.[3] Indeed, 29 U.S.C. § 653(b)(4) strongly implies that Congress intended no such remedy should be made available:

"Nothing in this Act . . . shall be construed to supersede or in any manner affect any workmen's compensation law or to enlarge or diminish or affect in any other manner the common law or statutory rights, duties, or liabilities of employers and employees under any law with respect to injuries, diseases, or death of employees arising out of, or in the course of, employment."

Although the recent passage of this legislation militates against the existence of a large body of case law on this subject, several cases do shed substantial light on our question. In each, the court found that Congress intended not to create, and did not create, any civil cause of action for violations of OSHA regulations.

In Skidmore v. Travelers Ins. Co., 356 F.Supp. 670 (E.D.La.1973), a case in which diversity of citizenship was not present, the plaintiff sued solely under OSHA for damages suffered from an alleged violation of OSHA standards. In dismissing the complaint, the court noted that Congress had provided for enforcement of OSHA safety standards through criminal and civil penalties, and that 29 U.S.C. § 653(b)(4) evidenced a positive Congressional intent not to create any private civil remedy. The court admitted that civil remedies have often been allowed for breaches of statutory duties which were expressly to be enforced in other ways, but noted that in those cases the vindication of the legislative policies behind the remedial statutes was contingent upon the creation of an additional remedy. Finding that the Congressional goals behind OSHA were adequately safeguarded by the statutory penalties already provided, the court refused to allow the action.

This court, too, through Judge Smith, has ruled that OSHA provides no relief for civil litigants. In Hare v. Federal Compress and Warehouse Co., 359 F. Supp. 214 (N.D.Miss.1973), the plaintiff was employed by an independent contractor performing excavation work on

---

2. The precise safety standards the defendant is alleged to have violated here may be found at 31 Fed.Reg. § 1910.26.

3. For the legislative background of OSHA, see 1970 U.S.Code Cong. & Admin.News, p. 5177.

the defendant's property. When the ditch in which the plaintiff was working collapsed, he brought a diversity action alleging negligence and violation of OSHA regulations. After ruling that the defendant was not liable under Mississippi negligence law, the court dismissed plaintiff's OSHA claim, holding that OSHA did not create an independent cause of action or affect or enlarge the common-law rights of injured plaintiffs.

The Sixth Circuit spoke to this question in Russell v. Bartley, 494 F.2d 334 (1974). In Russell, the plaintiff sued without diversity, relying solely on the federal claim arising out of OSHA. In dismissing the plaintiff's claim, the Sixth Circuit agreed with the two earlier district court opinions. Criminal and civil penalties provided in the Act were held to be exclusive enforcement provisions, with Congress not contemplating or permitting a private civil action for OSHA violations.

Although the Fifth Circuit has not addressed this precise issue, analogous questions have arisen. In resolving them, the Fifth Circuit has outlined an approach we believe to be sound when courts undertake to create federal causes of action from federal statutes which make no express provision for their existence. In Breitwieser v. KMS Industries, Inc., 467 F.2d 1391 (5 Cir. 1972), the issue was whether the child labor provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 212, created a private cause of action for damages for wrongful death. There, as here, violation of the statute was punishable by criminal and civil sanctions, and the statute did not, on its face, make provision for any civil recovery by aggrieved employees. In rejecting the contentions of plaintiff that the FLSA be read to imply a civil remedy, the Court adopted a method of analysis which is appropriate here.

"Although federal courts have on occasion implied remedies for infringement of federally conferred rights, . . . they have done so only when the law creating the right provided for no remedy or for a grossly inadequate remedy. The courts have thus implied relief when necessary to prevent abrogation of congressional policies. The instant case presents a very different situation in that the FLSA, rather than lacking in remedies or providing inadequate remedies, contains a comprehensive enforcement scheme, . . . including substantial criminal penalties for violations of child labor law." 467 F. 2d at 1392.

The Court concluded that the presence of efficacious federal enforcement provisions, together with an available state remedy, was reason enough not to fashion an additional cause of action under the FLSA. 467 F.2d at 1394.

We believe this case to be cut from the Breitwieser mold. Like the FLSA, OSHA provides a comprehensive series of criminal and civil penalties as enforcement mechanisms. Sanctions range from a civil penalty of $1,000 for a first violation not of a serious nature to a $20,000 fine and imprisonment of one year for repeated, serious violations. These penalties are stringent and comprehensive. If enforced, they are sufficiently powerful to insure compliance with OSHA and the Safety standards. Further, Mississippi's negligence law is well-developed and available for Otto's use. No useful purpose related to Congressional policy goals would be served by tacking on yet another enforcement vehicle. We thus conclude that OSHA permits no civil action for damages to remedy alleged violations of OSHA safety standards.[4]

4. The Court in Breitweser also took pains to distinguish situations involving FLSA and OSHA-type statutes, in which adequate independent enforcement provisions were available, from cases in which a civil action based on remedial legislation has been permitted. Specifically, the Court discussed Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); J. I. Case Co.

**1244**

Otto's alternative contention, that violation of OSHA standards may be taken into account in this action as evidence of negligence under Mississippi negligence law, involves more subtle considerations of federalism. For although it is clear that Specialties is correct in its major premise, i.e., that no federal civil remedy can be had by a private litigant under OSHA, the effect of OSHA on the Mississippi common law of torts is another, more perplexing matter.

 It has long been the rule in Mississippi, as in most other American jurisdictions, to give effect to regulatory and penal statutes beyond their literal terms, when those statutes are violated and one whom the statute was designed to protect is injured in a manner the statute was designed to prevent. See Solomon v. Continental Baking Co., 172 Miss. 388, 160 So. 732 (1935); Teche Lines, Inc. v. Bateman, 162 Miss. 404, 139 So. 159 (1932). This is the familiar doctrine of negligence per se, which holds that even though a statute may not expressly provide civil liabilities for its violation, if a breach occurs in the proper circumstances, courts may give added impetus to the legislative policies which prompted passage of the statute by declaring that one who violates its provisions is per se negligent, without need for a showing that the putative tortfeasor manifested an actual lack of reasonable care. The statute is itself deemed a conclusive expression of the applicable standard of reasonable conduct. See Daniels v. Atkins Protective Service, Inc., 247 So.2d 710 (Miss.1971); Teche Lines, Inc. v. Bateman, supra; Prosser, The Law of Torts § 36 (4th ed. 1971). Aside from the universal requirement that the statutory violation be found to have been a contributing proximate cause of the injury complained of,[5] the Mississippi courts have apparently made but one exception to the negligence per se doctrine, that of excuse. The conclusive presumption of negligence that may attach to statutory violations is not applicable when adherence to the statutory norm would be an impossibility or absurdity in the circumstances. Teche Lines, Inc. v. Danforth, 195 Miss. 226, 12 So.2d 784 (1943).

Assuming for the moment an unexcused OSHA violation by Specialties which proximately caused an injury to Otto, can we say with confidence that the Supreme Court of Mississippi would refuse to apply the negligence per se doctrine to this action?

In ruling on this common law aspect of Specialties' motion, we apply Mississippi law in the manner in which we believe it would be applied by the courts of that state. We are thus placed in the position of prophesying the effect the Supreme Court of Mississippi would choose to give to the federal decisions construing the Occupational Safety and Health Act. In applying a common-law doctrine justified by a judicial desire to assist the legislature in achieving its policy goals, how is a state court affected by determinations by the federal courts that a particular Congressional scheme needs and desires no judicial assistance of this type?

At the outset, we acknowledge a conceptual distinction between the Mississippi doctrine of negligence per se and the subject matter of *Hare, Russell, Skidmore,* and *Breitwieser.* Negligence per se deals with an irrebuttable presumption of a proscribed mode of con-

v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L. Ed.2d 423 (1964); and Gomez v. Florida State Employment Service, 417 F.2d 569 (5 Cir. 1959); a trilogy on which Otto relies heavily. While it is unnecessary to repeat all that was said in *Breitwieser*, we believe, with the Fifth Circuit, that "[t]he three cases relied upon by [Otto] involve violations of federal rights, where the remedy provided by the law was unclear, *J. I. Case,*

nonexistent, *Bivens,* or grossly inadequate, *Gomez.* The Courts were thus faced with federal policies that were likely to be undermined if the court did not provide effective relief to the complainant." 467 F.2d at 1393.

5. Marx v. Berry, 176 Miss. 1, 168 So. 61 (1936); Somerville v. Keeler, 165 Miss. 244, 145 So. 721 (Miss.1933).

duct for which a civil remedy already exists; the OSHA cases speak of the creation of a cause of action to deal with prohibited conduct for which no civil remedy exists. To seize on such a distinction as a basis for decision in the present cases, however, would simply emphasize sophistry to the exclusion of the policy considerations which ground both topics.

We believe the Supreme Court of Mississippi, if faced with this question, would recognize, as we do, that what is at stake here is a question of judicial buttressing of legislative goals. We believe that with this recognition would come a realization that, before the judiciary undertakes to supplement legislatively designed sanctions it should first inquire whether any supplementation was foreseen or is needed. Such an inquiry into OSHA has been made by the federal courts, which have concluded that no private civil remedy is needed to fulfill the goals established by Congress in its adoption of the statute. That this determination was made in the context of a federal civil remedy and not withn the framework of the negligence per se doctrine is to us irrelevant, since both concepts share a common raison d'etre —a judicial addition to statutory penalties thought to be inadequate to the purposes the legislative branch sought to promote.

We concede that the Mississippi courts need not be bound in this matter by the federal determination of OSHA's purpose and effect. We believe, however, that the Supreme Court of Mississippi would be persuaded by the logic of those opinions to refuse to permit the utilization of OSHA safety standards in this case, either as conclusive proof or evidence of negligence by Specialties.

Therefore, Specialties' motion to pretermit, in the trial of this case, all mention of the Occupational Safety and Health Act and the regulations promulgated pursuant thereto must be sustained.

Let an order be issued accordingly.