**Sharon BOYER, Plaintiff-Appellant,**

v.

**TENN TOM CONSTRUCTORS, et al., Defendants-Appellees.**

**No. 82–4516**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 11, 1983.

Rehearing Denied May 12, 1983.

Carnathan & Malski, Michael Malski, Amory, Miss., for plaintiff-appellant.

Mitchell, Eskridge, Voge, Clayton & Beasley, Claude F. Clayton, Jr., Tupelo, Miss., for defendants-appellees.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:

This Mississippi diversity case presents the sole question whether the defendants, Morrison Knudsen, Inc., Brown & Root, Inc., and Martin K. Eby Construction Company, Inc. (hereinafter referred to collectively as "Tenn Tom"), charged with creating a dangerous condition in a public road, can be held liable to the plaintiff for injuries caused by this defect in the road. Resolving this question in the negative, the district court granted defendants' motion for summary judgment and dismissed plaintiff's negligence claim. Finding the summary judgment to have been improvidently entered, we reverse and remand.

The defendants, functioning in a joint venture known as Tenn Tom Constructors, contracted with the Army Corps of Engineers to perform excavation work on the Tennessee-Tombigbee Waterway in Tishomingo County, Mississippi. In order to move heavy equipment between its shop and the excavation site, Tenn Tom obtained a permit from the Tishomingo County Board of Supervisors (Board) allowing the transportation of loads in excess of 30,000 pounds along the Mt. Gilead Road in an easterly direction from the intersection of Mt. Gilead and Highway 365 to its shop, a distance of 1.5 miles. The permit required Tenn Tom to repair any damage to Mt. Gilead Road resulting from "the transportation of said equipment." Tenn Tom accepted the conditions imposed by the Board.

Sharon Boyer was injured while driving west on Mt. Gilead Road, approximately one-half to three-quarters of a mile beyond Tenn Tom's shop when her car struck a pothole, went out of control and collided with a tree. The accident occurred in an area beyond that portion of Mt. Gilead Road covered in the permit issued to Tenn Tom.

Boyer's suit contends that the joint venturers negligently breached their obligation to inspect, maintain and repair the Mt. Gilead Road and failed to warn motorists of hazards caused by their use of the road.

Defendants moved for summary judgment on the ground that the user of a public thoroughfare owed no duty to a subsequent user. In support of this motion, defendants offered the affidavit of Tenn Tom's safety engineer setting forth the nature and scope of the Board's permit and the area of the roadway encompassed within that permit. Boyer countered with an affidavit of the supervisor for the county's third district in which the accident occurred, attesting to the state of disrepair of Mt. Gilead Road caused by what the supervisor styled as Tenn Tom's misuse thereof.

Concluding that the defendants were not required, under their agreement with the Board, to maintain Mt. Gilead Road beyond the 1.5 mile strip referred to in the permit, the district court refused to posit liability based on a violation of the permit. Further, the district court found that various Mississippi statutes vested the Board with exclusive jurisdiction of the public roads and bridges and the concomitant exclusive responsibility for their maintenance. These provisions, together with the fact that the plaintiff had not cited any authority for the proposition that one user who negligently damages the public roadway is responsible to another user who is harmed as a consequence of the state of disrepair, led the court to the conclusion that the defendants had breached no duty upon which a negli-

gence claim could be based. Summary judgment was accordingly rendered in favor of defendants.

Under Mississippi law, the Board of Supervisors of each county has plenary jurisdiction over roads and bridges within the county. Miss.Code Ann. § 19–3–41 (1972). Under Miss.Code Ann. § 19–3 (1972) "the supervisor of each district in each county is to have and is required to exercise general supervision over the public highways of his district." In exercising its jurisdiction, the Board of Supervisors is empowered to restrict or prohibit the use of highways within its purview, and may reduce the allowable weight permitted on such highways when, "due to any special weather or other hazard, they have been weakened or [they] have substandard surfacing ... due to any cause." Miss.Code Ann. § 65–1–45. Any person operating a vehicle on a restricted highway, contrary to the Board's regulation, is guilty of a misdemeanor. *Id.*

Mississippi recognizes the doctrine of negligence per se, which in essence provides that breach of a statute or ordinance renders the offender liable in tort without proof of a lack of due care. *See Otto v. Specialties, Inc.,* 386 F.Supp. 1240 (N.D. Miss.1974); *Haver v. Hinson,* 385 So.2d 605 (Miss.1980); *Miss. Power Co. v. Jones,* 369 So.2d 1381 (Miss.1979). Violation of a regulatory or penal statute such as § 65–1–45 constitutes negligence per se and will support a cause of action in tort where the plaintiff is within the class protected by the statute, and the harm sustained is the type sought to be prevented by the statute. *Haver v. Hinson.*

Summary judgment may be granted only when, upon reviewing the evidence of record and the reasonable inferences which may be drawn therefrom, in the light most favorable to the opposing party, no genuine issue of fact exists and the moving party is entitled to prevail as a matter of law. Fed. R.Civ.P. 56(c); *United States v. R. & V. One Stop Records, Inc.,* 661 F.2d 433 (5th Cir.1981). Defendants' evidence shows that Tenn Tom had received permission from the Tishomingo County Board of Supervisors to

transport heavy equipment weighing in excess of 30,000 pounds across the segment of Mt. Gilead Road connecting their shop to Mississippi Highway 365, on the condition that it repair any damage occasioned by such transport. It can reasonably be inferred from this fact that the Board had restricted travel on this road to vehicle loads less than 30,000 pounds, otherwise there would have been no need to secure this permit. Under this inference, it would appear the defendants could not have used the road to move their equipment without special permission from the Board. There is some evidence that defendants transported loads in excess of the Board's limit along the strip of the road not covered by the permit, specifically, that portion where the accident occurred. From the affidavit of the supervisor it can be inferred that the use, or, in his words, the "misuse" of the roadway by defendants caused the potholes which in turn caused plaintiff's accident and injury.

Under these circumstances, we cannot conclude that as a matter of law the defendants owed no duty to the plaintiff. Notwithstanding the general rubric that one user of a public highway is not obliged to insure the safety of a subsequent user by repairing or warning of damage the first user caused, § 65–1–45 may give rise to an enforceable duty and hence to liability for breach thereof. We express no opinion as to the merits of plaintiff's claim or the prospects of her recovery under the doctrine of negligence per se. We simply are not convinced, on the basis of the slender record now before us, that summary judgment should have been granted on the ground that as a matter of law the defendants owed no obligation to this plaintiff. The present state of the record cannot be said to contain no genuine issue of fact and to clearly compel a decision that Tenn Tom had no duty to correct a defective condition in Mt. Gilead Road, which they may have caused and which in turn may have occasioned plaintiff's accident and resultant injuries.

The summary judgment is VACATED and the matter is REMANDED for further proceedings consistent herewith.