HILL'S JITNEY SERVICE, INC., a corporation of the State of Delaware, and Harold J. Hill, doing business as Hill's Jitney Service, Plaintiffs,

v.

STILTZ, INC., a corporation of the State of Delaware, Defendant.

Civ. A. No. 2563.

United States District Court
D. Delaware.

Feb. 10, 1965.

Samuel Spiller, Wilmington, Del., for plaintiffs.

James P. D'Angelo, Wilmington, Del., for defendant.

LAYTON, District Judge.

This case seeks to recover damages against defendant for alleged unfair competition. The plaintiffs set out in the complaint that they hold a certificate of public convenience from the I.C.C. authorizing them. to operate in interstate commerce as a common carrier; that defendant has no such certificate; but that, nevertheless, defendant, without I.C.C. authority, has been competing against plaintiffs by carrying passengers over this same route, to the damage of the plaintiffs.

Motions to dismiss have been filed on the ground of lack of jurisdiction and because the complaint fails to state a cause of action upon which relief can be granted.

■ As to jurisdiction, a consideration of Bell v. Hood, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 indicates the reluctance with which federal courts are apt to grant such motions where causes of action, superficially at least, appear to be grounded on federal law or the Constitution.[1]

However, the motion to dismiss on the ground that the complaint fails to state a cause of action rests on firmer ground. The nature of the complaint seems to be that the Motor Carrier Act of 1935 embodies the right of an individual to bring a private suit for damages based on the common-law action for unfair competition against a defendant guilty of violating the Act. However, Riss & Company v. Association of American Railroads, 178 F.Supp. 438 (D.C. D.C.), a well-reasoned opinion, holds just to the contrary. There the same type of action as the case at bar was embodied in a counterclaim. The Court concluded at page 446:

> "This Court does not hold that all common-law remedies heretofore available at common law against motor carriers did not survive the Motor Carrier Act of 1935, *but only that a* Note [*counter*] *claim asserting a right to damages* for interference with a franchise resulting from the interstate operation by a competitor in excess of its certificate of convenience and necessity does not state a claim upon which relief may be granted." (Emphasis added.)

See also Consolidated Freightways v. United Truck Lines, 9th Cir., 216 F.2d 543 (547).

■ The motion to dismiss for lack of jurisdiction is denied. The motion to dismiss for failure to state a claim[2] is granted.

1. One exception seems to be recognized where the complaint on its face is completely without merit or frivolous. See 327 U.S. at pp. 682–683, 66 S.Ct. at p. 776.

2. The dismissal of this complaint is without prejudice as concerns the possibility of recovery on a common law ground in the state courts. See Strachman v. Palmer, 177 F.2d 427, 433, 12 A.L.R.2d 687 (1 Cir. 1949) (Magruder, C. J.) (concurring).