Cary E. POWELL, Sr., Administrator of the Estate of Sandra L. Powell, Deceased, and Widower of the Deceased, Plaintiff,

v.

Dr. Ruth KULL et al., Defendants.

Civ. A. No. 70-215.

United States District Court, M. D. Pennsylvania.

July 9, 1971.

---

Candor, Youngman, Gibson & Gault, Williamsport, Pa., for plaintiff.

Greevy, Knittle & Mitchell, Williamsport, Pa., for defendant Dr. Ruth Kull.

Henry G. Hager, III, Stuart, Murphy, Hager & Smith, Williamsport, Pa., for defendant Reid-Provident Laboratories, Inc.

Furst, McCormick, Lynn, Reeder & Nichols, Williamsport, Pa., for defendant Parke, Davis & Co.

John R. Lenahan, Scranton, Pa., Thomas S. Quinn, Williamsport, Pa., for defendant Walker Corp. & Co., Inc.

Schnader, Harrison, Segal & Lewis, by Bernard J. Smolens, Philadelphia, Pa., for defendant Eli Lilly Co.

Thomas C. Raup, Williamsport, Pa., for defendant Smith, Kline & French, Inc.

Robert James Wollet, Williamsport, Pa., for defendant Invenex Pharmaceuticals.

T. Max Hall, McNerney, Page, Vanderlin. & Hall, Williamsport, Pa., for defendant Direct Sales Labs, Inc.

No attorney for defendant Durst, Inc.

## OPINION

MUIR, District Judge.

This was originally a malpractice action with jurisdiction founded upon the diversity of citizenship among the parties. Plaintiff filed an amended complaint joining as defendants eight pharmaceutical companies, three of which are New York corporations. The plaintiff is a resident of New York. Motions to dismiss have been filed by all the defendants except Dr. Kull, Reid-Provident Laboratories, Inc. and Durst, Inc.

The theory of plaintiff's case is that the deceased died as a result of drugs prescribed by the defendant doctor. In the original complaint, it is alleged that Dr. Kull was negligent in failing to prescribe drugs in accordance with standard procedures, and that she was negligent in prescribing the combination of drugs taken by plaintiff's decedent. With respect to the drug companies, plaintiff, in the amended complaint, alleges that they violated the Food, Drug and Cosmetic Act, 21 U.S.C. §§ 351, 352, by failing to label their drugs properly. It is plaintiff's position that the amended complaint states a cause of action under the Food, Drug and Cosmetic Act so that this court has jurisdiction under 28 U.S.C. § 1331(a).

Smith, Kline & French, Inc., Parke, Davis & Co., and Invenex Pharmaceuticals assert that the amended complaint fails to state a claim upon which relief can be granted since it appears from the face of the complaint that the claim arose more than one year prior to filing. It is their position that the applicable statute of limitations [1] bars the action.

1. 12 P.S. § 1603.

■ Sandra L. Powell died on January 23, 1970. The amended complaint was filed on January 25, 1971. There is a one-year statute of limitations. Rule 6 of the Federal Rules of Civil Procedure provides that the day of the act or event from which the designated period of time begins to run shall not be included in the computation. Therefore, the last day for filing the complaint would have been January 24, 1971, a Sunday. Rule 6 further provides that if the last day for filing is a Saturday, a Sunday, or a legal holiday, filing on the next day which is not a Saturday, Sunday, or legal holiday is timely. In this case, the last day for filing would therefore be Monday, January 25, 1971. Plaintiff's amended complaint was timely filed. The motions of Smith, Kline & French, Inc., Parke, Davis & Company, and Invenex Pharmaceuticals will be denied.

Walker Corporation & Company, Inc. and Direct Sales Labs, Inc., are both New York corporations. They have moved to dismiss on the grounds that the court lacks jurisdiction over the subject matter since there is not perfect diversity as to them.

As indicated, plaintiff contends that jurisdiction exists as to these defendants because of the existence of a federal question. Although it is admitted that the Food, Drug and Cosmetic Act provides no specific grant of a private right of action, plaintiff argues that since the issues raised in the complaint arise directly from the statute, a federal question exists.

The issue is what is the effect of a violation of the Federal Food, Drug and Cosmetic Act.

In Orthopedic Equipment Co. v. Eutsler, 276 F.2d 455 (4th Cir. 1960), the court ruled that a violation of the duty created under the same Act was negligence per se under applicable state law.

Although the precise jurisdictional issue was not raised in that case, the case is relevant. First, the court recognized that no cause of action was created by the federal statute. Second, the court ruled that the statute established the standard of care which rests upon manufacturers of drugs. Finally the court held that the effect of a violation of that standard was to be determined by state law.

In Clairol Inc. v. Suburban Cosmetics and Beauty Supply, Inc., 278 F.Supp. 859 (N.D.Ill.1968), the issue was raised as to whether the same Act created "federal question" jurisdiction. *Clairol* was an unfair competition and unfair business practices action which the defendant attempted to remove to federal court on the ground that a federal question existed under the Food, Drug and Cosmetic Act. Judge Will ruled that no federally-based cause of action was created by the act, and accordingly, remanded the case to the state court.

■ Based on these authorities, my conclusion is that this court does not have jurisdiction under 28 U.S.C. § 1331(a). The motions to dismiss made by Walker Corporation & Company, Inc., and Direct Sales Labs, Inc. will be granted since complete diversity does not exist between plaintiff and them.

■ Eli Lilly and Company's motion to dismiss is grounded on its conclusion that Walker Corporation and Direct Sales are indispensable parties to this action. Its position is that dismissal as to any of the drug company defendants necessitates dismissal of all, since, in its view, plaintiff is asserting only joint liability against these defendants. I cannot agree. The complaint and amended complaint state a cause of action based upon the alleged negligence of the defendants. Since the liability of tort-feasors is joint and several, they are not indispensable parties. Debbis v. Hertz Corporation, 269 F.Supp. 671 (D.Md. 1967). The motion of Eli Lilly and Company will be denied.

An appropriate order will be entered.