**Ida MARTINEZ**

v.

**BEHRING'S BEARINGS SERVICE, INC.**

**Civ. A. No. 72-104.**

United States District Court,
M. D. Louisiana.

Sept. 11, 1973.

William C. Kaufman, III, Seale, Smith & Phelps, Baton Rouge, La., for plaintiff.

Bailey E. Chaney, Thomas H. Watts, Baton Rouge, La., for defendant.

E. GORDON WEST, District Judge:

This suit is brought in connection with an alleged violation by the defendant of the Fair Labor Standards Act, and more specifically for an alleged violation of 29 U.S.C. § 215(a)(3). That portion of the statute provides that it shall be unlawful for any person:

"(1) * * *

"(2) * * *

"(3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee; * * *."

Plaintiff contends that she was summarily dismissed from her employment with the defendant company for having twice complained about her wage scale to the Wage and Hour Division of the Department of Labor. (The Wage and Hour Division concluded that both complaints were meritorious and ordered the defendant to pay back wages due.)

On June 26, 1972 the defendant filed a motion for judgment on the pleadings which was, on July 7, 1972, denied. Thereafter the case came on for pretrial conference at which time the defendant re-urged its motion for judgment on the pleadings and/or for judgment of dismissal for lack of subject matter jurisdiction. Counsel for both sides were then given time to file briefs. Now after due consideration, it is the opinion of this Court that the defendant's motion to dismiss should be granted.

The plaintiff relies for jurisdiction on 28 U.S.C. § 1331 and 28 U.S.C. § 1337. She relies on 29 U.S.C. § 215(a)(3) as the basis of her action. 28 U.S.C. § 1331 gives the United States District Court jurisdiction over matters arising under the Constitution or laws of the United States, and 28 U.S.C. § 1337 gives jurisdiction over matters arising under an Act of Congress regulating commerce. But the fact remains that the statute which the plaintiff in this case relies on for her cause of action simply gives this Court no jurisdiction over such a claim. In this suit the

plaintiff seeks $50,000 "for gross humiliation, embarrassment and inconvenience" together with "all out-of-pocket expenses" arising out of her dismissal, including lost wages to be measured by the difference between her income while employed by the defendant and her income since her dismissal, plus attorney fees and costs of this suit. She does not seek reinstatement nor does she claim any unpaid minimum or unpaid overtime compensation. 29 U.S.C. § 215 simply gives her no such right or cause of action. 29 U.S.C. § 215 makes it unlawful to do certain things, and 29 U.S.C. § 216 subjects one who does those unlawful things to a possible $10,000 fine and imprisonment up to six months. The latter section also provides for civil suits to recover unpaid minimum wages and unpaid overtime compensation. The statute is clear and unambiguous. It simply does not provide for a suit by an employee for damages such as are here sought by the plaintiff.

The plaintiff relies on the case of Fagot v. Flintkote, 305 F.Supp. 407 (E.D.La.1969) wherein the District Court simply took it upon itself to create a cause of action where none existed. The Court in that case, when passing upon a question similar to that here involved, simply found higher authority to the contrary "not persuasive" and proceeded to reverse two Federal Courts of Appeal, the Supreme Court, and another District Court. This same question was squarely presented in the case of Powell v. Washington Post, 105 U.S.App.D.C. 374, 267 F.2d 651 (CA D.C.1959), cert. den. 360 U.S. 930, 79 S.Ct. 1449, 3 L.Ed.2d 1544 (1959), and the Court said:

> "- - - the Fair Labor Standards Act makes no provision for a civil action by an employee to recover damages for discharge in violation of the Act or for reinstatement." (At p. 652.)

See also Bonner v. Elizabeth Arden, Inc., 177 F.2d 703 (CA 2–1949); Britton v. Grace Line, Inc., 214 F.Supp. 295 (S.D. N.Y.–1962).

 It is difficult indeed to understand how a District Court could find these holdings "not persuasive." This Court is one of limited jurisdiction. Either the Congress has conferred jurisdiction or it has not. Jurisdiction over a suit such as this is unambiguously omitted from 29 U.S.C. § 216, and it would be presumptuous for this court to attribute that fact to inattention or error on the part of Congress. This Court finds the provisions of 29 U.S.C. § 216 and the prior jurisprudence in connection therewith to be most persuasive and in fact binding upon this Court, and for these reasons, the motion of the defendant to dismiss for lack of jurisdiction, and for failure to state a claim upon which this Court could lawfully grant relief will be granted, and judgment will be entered accordingly.