Richard C. DOAK

v.

CITY OF CLAXTON, GEORGIA, a Municipal Corporation, et al.

Marie Perry BARNETT

v.

CITY OF CLAXTON, GEORGIA et al.

Nellie B. SMITH

v.

CITY OF CLAXTON, GEORGIA, a Municipal Corporation, et al.

Nos. CV474–216, CV474–285 and CV474–286.

United States District Court, S. D. Georgia, Savannah Division.

Jan. 14, 1975.

Milton A. Carlton, Charles B. Merrill, Jr., Spivey, Carlton, Clark & Merrill, Swainsboro, Ga., for Richard C. Doak.

Charles E. Moore, Jr., Atlanta, Ga., for Nellie B. Smith and Marie Perry Barnett.

James E. Findley, Findley, Ratcliffe & Callaway, Claxton, Ga., for City of Claxton.

ORDER ON MOTIONS OF CITY OF CLAXTON TO DISMISS FOR WANT OF FEDERAL JURISDICTION

LAWRENCE, Chief Judge.

I

*The Litigation*

These damage suits grow out of injuries to the plaintiffs which resulted from an explosion allegedly caused by negligence in the manufacture, installation, maintenance and operation of a natural gas supply system in the City of Claxton. Liability of the defendants, other than the municipality, is predi-

cated on negligent manufacture, design and installation. Similar suits by the same plaintiffs against the City of Claxton are pending in the Superior Court of Evans County, Georgia.

It is alleged in the federal actions that an excessive internal gas pressure was permitted to exist in the supply system which in turn imposed excessive pressure on the Claxton Poultry Company facility as a result of which the explosion occurred. The allegations of negligence include the failure "to provide sufficient safety precautions, including, but not limited to, the providing of only one industrial diaphragm, providing no strainer, no relief valve, and no safety shut-off valve".

Jurisdiction is predicated upon existence of a federal question under a federal statute,[1] namely, The Natural Gas Pipeline Safety Act of 1968. See 49 U. S.C. § 1671 et seq. The complaint alleges that, pursuant to that Act, certain minimum federal safety standards were established by regulations of the Department of Transportation (particularly 49 CFR §§ 192.197 and 192.195) and that violations thereof caused the explosion at the Poultry Company Plant in Claxton where Doak, Smith and Barnett were employed.[2]

## II

### The Legal Issue

The City of Claxton moves to dismiss the complaint on the ground that it shows on its face that the claim alleged against such municipality does not arise under the Constitution or laws of the United States.

The Natural Gas Pipeline Safety Act authorizes the Secretary of Transportation to establish minimum Federal safety standards for the transportation of gas.[3] The Act provides for civil penalties not to exceed $1,000 for each violation for each day it persists. § 1678 (a). Any person aggrieved by any order may file a petition for review in a United States Court of Appeals which can grant appropriate relief. Upon petition by the appropriate United States attorney or the Attorney General on behalf of the United States, district courts have jurisdiction to restrain violations of the Act and to enforce standards established thereunder. Actions to recover civil penalties for violations may be brought in the district wherein any act or transaction constituting such violation occurred. 49 U.S.C. §§ 1675(a), 1679(a).

The statute is silent as to civil liability of pipeline companies for injury or damage to persons resulting from violation of safety standards prescribed by the Secretary. The failure to provide a private remedy and express jurisdiction in such cases raises a familiar question. Does the Act by implication create a private right of action over which federal district courts have jurisdiction? The question is as old as Texas & Pacific Railway Company v. Rigsby, 241 U.S. 33, 36 S.Ct. 482, 60 L.Ed. 874 and as new as Phillips Petroleum Company v. Texaco, Inc., 415 U.S. 125, 94 S.Ct.

1. "The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331(a).

2. These two sections of the Regulations provide in general for protection against accidental overpressuring and for control of the pressure of gas delivered from high pressure distribution systems.

3. "Such standards may apply to the design, installation, inspection, testing, construction, extension, operation, replacement, and maintenance of pipeline facilities. Standards affecting the design, installation, construction, initial inspection, and initial testing shall not be applicable to pipeline facilities in existence on the date such standards are adopted. Whenever the Secretary shall find a particular facility to be hazardous to life or property, he shall be empowered to require the person operating such facility to take such steps necessary to remove such hazards. Such Federal safety standards shall be practicable and designed to meet the need for pipeline safety." 49 U.S.C. § 1672(b).

1002, 39 L.Ed.2d 209.[4] In the sixty-year span between the two decisions the subject of implied private civil remedy under federal legislation has provided much grist for the federal judicial mill.

The issue presented in the case before this Court, as I conceive it, is whether Natural Gas Pipeline Safety Act of 1968 by implication creates a right in a member of the public to maintain a private civil action for damages caused by a violation of the Federal safety standards established thereunder by the Secretary of Transportation. If so, the action arises under the laws of the United States and this Court possesses original jurisdiction pursuant to 28 U.S.C. § 1331(a).

### III

#### *Legislative History of the Natural Gas Pipeline Safety Act*

The House Committee on Interstate and Foreign Commerce pointed out in reporting out the Act that authority to improve the public safety as it is affected by transportation by private automobile, bus, truck, railroad train, airplane, ship and pipelines already existed in the Department of Transportation and that the only significant motor transportation "presently beyond the reach of effective comprehensive safety regulation is the transportation of gases by pipeline." 3 U.S.Code Congressional and Administrative News 1968, p. 3224.

Under the heading "Persons Covered", the Committee Report states that the bill covers persons engaged in the transportation of gas who own or operate pipeline facilities and that "person" includes any individual state or municipality. It is clear from the legislative history that the purpose of the statute is the safety and protection of the public. See 3 U.S.Code Congressional and Administrative News 1968, pp. 3225–3227, 3231. However, the means of protecting the public is through establishment of adequate safety standards in the industry and the Congressional grant of jurisdiction to district courts in the Act is limited, at least in terms, to injunctive enforcement of the safety requirements adopted.

The Pipeline Safety Act provides that nothing therein "shall affect the common law or statutory tort liability of any person". § 1677. According to the House Committee, "This language is designed to assure that the tort liability of any person existing under common law or any statute will not be relieved by reason of the enactment of this legislation or compliance with its provisions." § 1677(b).

### IV

#### *Decisional Law Examined*

In favor of implying a private cause of action under federal regulatory statutes, asserts a commentator on this subject, is that it "may increase the likelihood of compliance with the statute by giving victims incentive to assist in its enforcement and potential violators, faced with an additional penalty, added reason to conform their conduct to it. The implied cause of action can also provide direct relief for members of a

---

4. In *Rigsby* the Supreme Court held that a railroad employee injured by a violation of the Safety Appliance Act belongs to a class for whose benefit it was enacted and as such possesses a private right of action against the railroad. In *Phillips Petroleum Company*, the Court said, "Under the settled precedent of our past decisions noted above, it thus cannot be said that this suit 'arises under the Constitution, laws or treaties of the United States'. Accordingly, there is no federal jurisdiction under 28 U.S.C. § 1331(a)." In that litigation Texaco sued Phillips for compensation for the helium constituent of natural gas sold by the former to Phillips, basing jurisdiction upon the Natural Gas Act of 1938 (15 U.S.C. §§ 717–717w) and the 1960 Helium Act Amendments (50 U.S.C. § 167i). The motion of Phillips to dismiss for want of federal jurisdiction of the subject matter was sustained by the Supreme Court. It noted that the suit by Texaco for the reasonable value of the helium was, in effect, an action in quantum meruit "whose source is state law and not federal law".

class that the legislature wished to protect." See Note, "Implying Civil Remedies from Federal Regulatory Statutes", 77 Har.L.Rev. (1963), 285, 291.

The reverse side of the medal is, another writer points out, the fact that thereby the ancient maxim of statutory construction becomes, "The expression of one thing is the inclusion of another." "Must Congress now explicitly exclude what it does not mean to include?" he asks—"Surely an affirmative answer would unduly burden the legislative process. It would place representatives in the untenable position of having to predict all possible future uses of present legislation. Realistically, such prognostication is beyond the power of any person. Under most circumstances, judicial imputation of this power to Congress protects short-range interests at the expense of long-range goals." See Timothy J. Armstrong, "Expressio Unius, Inclusio Alterius: The Fagot-Gomez Private Remedy Doctrine", 5 Ga. L.Rev. (1970), 97, 126.

I shall shortly get to Fagot v. Flintkote Company, 305 F.Supp. 407 and Gomez v. Florida State Employment Service, 417 F.2d 569. The former is a district court decision in the Eastern District of Louisiana. *Gomez* is a decision by the Fifth Circuit Court of Appeals.

My intention is to limit my discussion of precedents, *pro* and *con*, to holdings in our Circuit.[5] Little profit would result from any elaborate effort at analysis, differentation and analogizing of the numerous cases dealing with the subject of implied remedies under federal statutes which are silent on the creation of a right of a private action for the violation of standards established under the particular federal law. The cases in the Fifth Circuit are representative of the dichotomy of approach, the relative weight accorded various factors involved and the differing results reached by federal courts.

Gomez v. Florida State Employment Office, *supra,* involved the Wagner-Peyser Act under which the United States Employment Service, Department of Labor, was established to aid migratory workers through a system of employment offices for clearing labor between the several states. 29 U.S.C. § 49. A number of migratory workers brought suit claiming that they had been inadequately paid and had been subjected to intolerable living conditions contrary to the regulations. The Fifth Circuit held in *Gomez* that the Act and regulations pursuant thereto implied existence of private remedies. The Court said that "the private civil remedy is a method of policy enforcement long honored explicitly in statutes and by implication with the help of courts". See 417 F.2d at 576.

In Fagot v. Flintkote Company, *supra,* 305 F.Supp. 407 the District Judge held that there was federal-question jurisdiction in a private action brought by a discharged employee against his former employer on the basis of violation of the Federal Labor Standards Act. The Court said (at 410):

"Where Congress creates a right by legislation the federal courts have a duty to implement the statutory intent by providing the appropriate remedy. * * * The general theoretical

---

5. I will, however, devote a few words to one decision of the Supreme Court on which plaintiffs' counsel rely. I do not see how J. I. Case Co. et al. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 gives much comfort. The Court there held that a private action is permissible based on the use of a proxy statement alleged to contain false and misleading statements contrary to § 14(a) of the Securities Exchange Act. There is no specific reference in that Section to any private right of action for violation thereof. However, § 27 of the Act specifically confers jurisdiction on the district courts over "all suits in equity and actions at law brought to enforce any liability or duty created" under the Act. The Supreme Court said that private parties possess under § 27 a clear right to bring suit for the alleged violation of the Securities Exchange statute. The *Borak* case stands on quite a different footing than the present one.

basis for inferring a right to sue where the statute is silent rests on the conviction that the protection given those persons for whose benefit the statute was enacted would be incomplete if it could be enforced only by criminal sanctions or by injunction obtained to protect the State's interest." [6]

In Breitwieser v. KMS Industries, Inc., 467 F.2d 1391 the Fifth Circuit held that no private civil right of action for damages existed under the Fair Labor Standards Act where a sixteen-year-old boy was killed while operating a forklift truck. A regulation adopted by the Secretary of Labor and then in existence declared the operation of such vehicles to be "particularly hazardous" for employees under eighteen years of age. The majority of the Court of Appeals held that it was not necessary to fashion another federal remedy, in addition to the criminal penalties under FLSA, in order to implement the congressional intent in enacting the child labor law.

The plaintiff argued in *Breitwieser* that FLSA establishes the right of sixteen year-olds not to be assigned to certain hazardous work; that it had been violated; that the Act does not provide a remedy, and that therefore the federal courts should fashion one in the form of monetary damages.

Answering this argument, the Fifth Circuit said at 1392:

"This theory of recovery has a serious flaw, namely that the FLSA *does* establish a remedy for contravention of its child labor provisions. Although federal courts have on occasion implied remedies for infringement of federally conferred rights, . . . they have done so only when the law creating the right provided for no remedy or for a grossly inadequate remedy. The courts have thus implied relief when necessary to prevent abrogation of congressional policies. The instant case presents a very different situation in that the FLSA, rather than lacking in remedies or providing inadequate remedies, contains a comprehensive enforcement scheme, 29 U.S.C.A. §§ 215–217, including substantial criminal penalties for violations of child labor law."

■ It has been said, that five factors must exist before a private remedy may be found in an Act of Congress not specifically granting one, namely, "(1) the plaintiff is within a class intended to be protected by the Act, (2) private enforcement will further the congressional policy of the Act, (3) the duty breached was created by the Act, rather than by state statutory or common law, (4) the violation of the duty affected the plaintiff directly, and (5) no other remedy is available to guard adequately the right asserted." . See Farmland Industries, Inc. v. Kansas-Nebraska Natural Gas Company, Inc., 349 F.Supp. 670, 679 (D., Neb.).

### Comments

In the past few years Congress has enacted a number of regulatory statutes looking to improved safety standards by those engaged in interstate transportation, manufacture of consumer products, and quality of air. The usual pattern of

6. *Gomez* and *Fagot* have been criticized in one of the law review articles earlier cited. See 5 Ga.L.Rev. at 112–126. In Martinez v. Behring's Bearings Service, Inc., 363 F. Supp. 428 (M.D., La.) the Court stated that in *Fagot* the district court "simply took it upon itself to create a cause of action where none existed. The Court . . . simply found higher authority to the contrary 'not persuasive' and proceeded to reverse two Federal Courts of Appeal, the Supreme Court, and another District Court." At 430.

See also Skidmore v. Travelers Insurance Company et al., 356 F.Supp. 670, 671 (E.D. La.) where the Court apparently limited the implied right to sue for damages under a federal statute to situations where the statutory duty is not expressly made enforceable in some other adequate manner. Since the decision in the instant case, the Fifth Circuit has held that the Occupational Safety and Health Act of 1970 does not create a private right of action. See Jeter v. St. Regis Paper Co., 507 F.2d 973.

these laws is the grant of power to an administrative agency to establish regulations, standards and requirements in connection with safety practices or other requirements in the regulated activity. The machinery of enforcement usually includes civil penalties and criminal liability for violations. United States district courts are given jurisdiction confined to enforcement of the regulations or requirements and the granting of injunctions against violation thereof.

These statutes are usually silent as to private causes of actions based on non-conformance or non-performance of federal standards or other requirements. However, in a number of cases the courts have read into statutes the existence of implied private remedies. Without Congressional enactment an extensive field of federal tort law has been opened up in which federal courts either have or may possess federal-question jurisdiction under 28 U.S.C. § 1331 (a).[7] The legislative trend is toward adoption of nation-wide federal standards and federal regulatory and assistance programs of various types. The potentiality of growth of federal tort litigation is great.

■ I mentioned earlier that this is the first time the issue of existence of an implied private remedy has come before a district court under the Natural Gas Pipeline Safety Act. The statute is a passenger on the same 1916 trolley car in which similar laws and judicial precedents are riding. Past judicial history is inescapable. And so I return to the jurisdictional catechism referred to in *Farmland Industries, Inc., supra.*

Five factors are stated all of which must exist before a private remedy can be implied in cases where a statute is silent as to such actions. The answers here are as follows:

(1) Is the plaintiff within a class intended to be protected by the Act?

Answer: yes

(2) Will private enforcement further the congressional policy of the Act?

Answer: not necessarily in respect to damage suits in the federal courts

(3) Was the duty breached created by the Act, rather than by state statutory or common law?

Answer: See footnote 8 below

(4) Did the alleged violation of the duty affect the plaintiff directly?

Answer: yes

(5) Is any other remedy available to guard adequately the right asserted?

Answer: Similar damage suits by the plaintiffs are pending in the Superior Court of Evans County against the City of Claxton for death and personal injury.

The motion of the City of Claxton to dismiss the complaint for lack of federal jurisdiction over the subject matter is sustained and the municipality is dismissed as a defendant in the three actions. Such dismissal leaves its several co-defendants still in the case. The basis of jurisdiction as to them is the federal-

7. In the Appendix attached to this Order are listed many of the statutes and decisions in which a private right of action has been implied or not implied by federal courts. In Farmland Industries, Inc. v. Kansas-Nebraska Natural Gas Company, Inc., supra, Note 1, 349 F.Supp. pp. 678–679, Judge Urbom has also catalogued certain of the statutes and decisions dealing with the subject.

8. Under a 1970 statute, the Georgia Public Service Commission may enjoin violations of its rules or regulations "for the safe installation and operation of all natural gas transmission and distribution facilities within this State". Ga.Code Ann. § 93–419. During the same year, pursuant to such authoriza-

tion, the Commission adopted the following order:

"ORDERED: That the provisions contained in Department of Transportation's—'Transportation of Natural and Other Gas by Pipeline: Minimum Safety Standards', issued on August 19, 1970 and effective November 12, 1970, be, and the same are hereby adopted for gas distribution systems under the jurisdiction of the Commission." Georgia Public Service Commission, Laws and Rules, January 1, 1973, p. 84.

The federal "Minimum Safety Standards" referred to are those issued in 1970 by the Department of Transportation and published in 49 CFR, Part 192.

question theory. Diversity is not relied on; in fact, does not exist in two of the cases.

If the Pipeline Safety Act does not permit a private remedy by implication in the instance of the City of Claxton, which owned and operated the local distribution system, it is even clearer that no federal jurisdiction under § 1331(a) exists as to co-defendants that manufactured the safety regulating device and regulator or installed the same.

However, these defendants have not raised the issue as to lack of existence of a civil action arising under federal law. Of course, this Court may do so of its own motion. It will unless persuaded to the contrary prior to February 15th.

## APPENDIX

STATUTES CONTAINING NO SPECIFIC PROVISION AS TO FEDERAL JURISDICTION OR PRIVATE RIGHT OF ACTION UNDER WHICH COURTS HAVE INFERRED THE EXISTENCE OF A CIVIL REMEDY

Wagner-Peyser Act of 1933, establishing the United States Employment Service for the recruiting and transfer of labor to meet the needs of migratory workers. 29 U.S.C. § 49 et seq.

In Gomez v. Florida State Employment Service, 417 F.2d 569 (5th Cir.) the Court implied a remedy in the case of migrant workers who claimed they had been inadequately paid and subjected to intolerable living conditions. *Contra*: Martinez v. Behring's Bearings Service, Inc., 363 F.Supp. 428 (M.D., La.).

Securities Exchange Act of 1934, 15 U.S.C. § 78a et seq.

Violation of this statute by false and misleading proxy statements creates a private remedy for any person thereby harmed. J. I. Case Co. et al. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423.

Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq.

In Fagot v. Flintkote Company, 305 F.Supp. 407 (E.D., La.) the District Court found that the Fair Labor Standards Act implied a private remedy in the instance of an employee who was discharged as the result of giving information to the Department of Labor resulting in sanctions being invoked against the employer.

STATUTES CONTAINING NO SPECIFIC PROVISION AS TO FEDERAL JURISDICTION OR PRIVATE RIGHT OF ACTION UNDER WHICH COURTS HAVE DECLINED TO INFER EXISTENCE OF A CIVIL REMEDY

Rivers and Harbors Appropriation Act of 1899, 33 U.S.C. § 401 et seq. In Connecticut Action Now, Inc. v. Roberts Plating Company, Inc., 457 F.2d 81 (2nd Cir.) injunctive relief under this Act sought by a private group was denied. The Court said that it did not have before it the question of whether a private riparian owner could sue under the Act for an injunction or damages.

Motor Carrier Act of 1935, 49 U.S.C. § 301 et seq.

The Act does not authorize a private suit for damages based on a common-law action for unfair competition in excess of the certificate of convenience and necessity. Hill's Jitney Service, Inc. v. Stiltz, Inc., 238 F.Supp. 881 (D., Del.). See also Consolidated Freightways, Inc. v. United Truck Lines, Inc., 216 F.2d 543 (9th Cir.).

Federal Food, Drug and Cosmetic Act of 1938, 21 U.S.C. § 301 et seq.

The statute does not give rise to federal jurisdiction over a civil action against drug companies for wrongful death. Powell v. Kull, 329 F.Supp. 193 (M.D., Pa.).

Clean Air Act and National Environmental Policy Act of 1969, 42 U.S.C. § 1857 et seq., 42 U.S.C. § 4321 et seq.

In Tanner v. Armco Steel Corporation, 340 F.Supp. 532 (S.D., Tex.) it was held

Natural Gas Act of 1938, 15 U.S.C. §§ 717c(b), 717u.

Private remedy inferred by compensatory damages and injunctive relief by industrial users of natural gas where service was allegedly abandoned in violation of the Act. Farmland Industries, Inc. v. Kansas-Nebraska Natural Gas Company, Inc., 349 F.Supp. 670 (D., Neb.).

Under the Helium Act Amendments of 1960, no federal right of action exists by one petroleum Company against another to recover the reasonable value of constituent helium used in natural gas. Phillips Petroleum Company v. Texaco, Inc., 415 U.S. 125, 94 S.Ct. 1002, 39 L.Ed. 2d 209.

Federal Aviation Act of 1958, 49 U.S.C. § 1421 et seq.

There is a split of authority as to implied private remedies for injury or death resulting from violation of the Act and Regulations. In Moungey v. Brandt, 250 F.Supp. 445 (W.D., Wis.) it was held that no implied private right of action existed. See also McCord v. Dixie Aviation Corporation et al., 450 F.2d 1129 (10th Cir.). Contra: Gabel v. Hughes Air Corp., 350 F.Supp. 612 (C.D., Cal.); Town of East Haven v. Eastern Airlines, Inc., 282 F.Supp. 507 (D., Conn.).

The Act contains a provision forbidding discrimination in the form of undue or unreasonable preference to any particular person, port or locality. 49 U.S.C. § 1374(b). In Fitzgerald v. Pan American World Airways, Inc., 229 F.2d 499 (2nd Cir.) it was held that the legislation created a new federal right as to anyone harmed by violation thereof and that such an action arises under a law of the United States even though the express

that no positive and enforceable legal right or duty was created by the Act and that no private action against a private corporation could be maintained by individuals seeking damages allegedly resulting from defendant's pollution of the air. See also Environmental Defense Fund, Inc. v. Corps of Engineers, 325 F. Supp. 728 (E.D., Ark.).

Natural Gas Pipeline Safety Act of 1968, 49 U.S.C. § 1671 et seq.

See opinion of this Court in the present case.

Consumer Credit Protection Act of 1968, 15 U.S.C. § 1601 et seq.

No private right of action exists under garnishment Subchapter of the Act. See Western v. Hodgson, 359 F.Supp. 194 (S.D., W.Va.). The Court said that to imply a remedy "would amount to judicial legislation rather than judicial construction". Aff'd. on another ground, 494 F.2d 379, 383 (4th Cir.).

Rail Passenger Service Act of 1970, 45 U.S.C. § 541 et seq.

The statutory remedies for breach of a carrier's obligations and duties under the Amtrak legislation are exclusive and no additional private cause of action to enforce compliance with same may be inferred. National Railroad Passenger Corporation et al. v. National Association of Railroad Passengers, 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646.

Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.

In Jeter v. St. Regis Paper Co., 507 F. 2d 973 (5th Cir.) it was held that OSHA does not create a private right of action. See also Russell v. Bartley, 494 F.2d 334 (6th Cir.).

sanctions are criminal only. See also Wills v. Trans World Airlines, Inc., 200 F.Supp. 360 (S.D., Cal.).

National Flood Insurance Act of 1968, 42 U.S.C. § 4011 et seq.

District courts possess subject matter jurisdiction of an action by the Commonwealth of Pennsylvania for injunctive relief and damages against flood insurers and their association for negligent failure to publicize the availability of insurance. Commonwealth of Pennsylvania v. National Association of Flood Insurers, 378 F.Supp. 1339, 1343, n. 15 (M.D., Pa.).

Corrupt Practices Act of 1970, 18 U.S.C. § 591 et seq.

An implied right of action is created by the statute on behalf of a stockholder and registered voter for injunctive or derivative relief from corporate expenditure for advertisement concerning unnamed presidential candidate's views on tax reform. Ash v. Cort et al., 496 F.2d 416 (3rd Cir.), cert. granted 419 U.S. 992, 95 S.Ct. 302, 42 L.Ed.2d 264.

In *Jeter*, the Court said, "Nowhere in the language of the Act, its legislative history, or in the statutory declaration of purpose and policy in the Act itself is there the slightest implication that Congress considered OSHA creating a private right of action for violation of its terms."

NOTE: Two statutes which provide for federal safety standards have not been construed as to existence of a private remedy thereunder. See Consumer Product Safety Act of 1972, 15 U.S.C. § 2051 et seq. and Traffic and Motor Vehicle Safety Act of 1966, 15 U.S.C. § 1381 et seq. The federal question issue under § 1331(a) was not reached in Larsen v. General Motors Corporation, 391 F.2d 495 (8th Cir.), a case in which diversity jurisdiction apparently existed.