481 F.2d 396
 83 L.R.R.M. (BNA) 2631, 24 A.L.R.Fed. 378,
71 Lab.Cas. P 13,774
 COLORADO LABOR COUNCIL, AFL-CIO, an unincorporated
association, et al., Plaintiffs-Appellees,
v.
AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL
ORGANIZATIONS, an unincorporated association, et
al., Defendants-Appellants.
 No. 72-1701.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted Dec. 11, 1972.
Decided June 20, 1973.
Rehearing Denied Aug. 6, 1973.
 
 Philip Hornbein, Jr., Denver, Colo. (Roy O. Goldin, Denver, Colo., with him on the brief), for plaintiffs-appellees.
 Thomas E. Harris, Associate Gen. Counsel, AFL-CIO, Washington, D. C. (J. Albert Woll, Gen. Counsel, AFL-CIO, Robert C. Mayer, Laurence Gold, Washington, D. C., Donald P. MacDonald and James C. Fattor, Denver, Colo., with him on the brief), for defendants-appellants.
 Harlington Wood, Jr., Asst. Atty. Gen., James L. Treece, U. S. Atty., Morton Hollander and William Kanter, Attys., Dept. of Justice; and Richard F. Schubert, Sol. of Labor, Beate Bloch, Associate Sol., Harper Barnes, Regional Sol., and Cornelius S. Donoghue, Jr., Atty., Dept. of Labor, of counsel, on the brief, on behalf of the Secretary of Labor, as amicus curiae.
 Before LEWIS, Chief Judge, and BREITENSTEIN and McWILLIAMS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a preliminary injunction issued by the United States District Court for the District of Colorado prohibiting the effectuation of a trusteeship sought to be imposed by the AFL-CIO over the Colorado Labor Council. In our view, the trial court had no jurisdiction over the subject matter sought to be litigated and accordingly lacked jurisdiction to enter the injunctive order here complained of. Resolution of the controversy involves a consideration of the Labor-Management Reporting and Disclosure Act of 1959, hereinafter referred to as the Act. Some background information is needed if the narrow issue here to be decided is to be placed in focus.
 
 
 2
 The AFL-CIO is an unincorporated association, headquartered in Washington, D. C., whose membership is composed of affiliated national and international unions, local unions, state and local central bodies, and trade and industrial departments. As concerns state and local central bodies, the Rules of the AFL-CIO provide that state and local central bodies which are granted charters by the AFL-CIO shall conform their activities on national affairs to the policies of the AFL-CIO.
 
 
 3
 The Colorado Labor Council, hereinafter referred to as the Council, is an unincorporated association chartered by the AFL-CIO in 1956 and headquartered in Denver, Colorado, with its membership being composed of national and international unions affiliated with the AFL-CIO and operating in Colorado, and as such the Council is a state central body.
 
 
 4
 Without going into great detail, sometime in July 1972, a controversy arose between the AFL-CIO and the Council concerning the endorsement of a candidate for the office of President of the United States. AFL-CIO, on the one hand, determined not to endorse any candidate for the office, but at the same time permitted "affiliates" to endorse any candidate of their choice. By subsequent statement, "affiliates" were declared by the AFL-CIO to be only national and international unions, and not state and local central bodies, such as the Council. The Council, however, interpreted the foregoing pronouncements from its parent body to mean that it was free to endorse a candidate of its choice, notwithstanding the clarification pronouncement that it was not considered to be an affiliate. Accordingly, the Council on August 7, 1972, adopted a resolution endorsing the candidacy of Senator George McGovern for President.
 
 
 5
 Based on the foregoing events, AFL-CIO instituted internal disciplinary proceedings against the Council, which culminated in a suspension of the Council's charter and the appointment of a trustee to take charge of and conduct the business of the Council in place of its duly elected officials, the latter being suspended from office. When the trustee arrived in Denver, Colorado, prepared to assume control of the Council as trustee, the Council rejected the trusteeship and brought suit in the United States District Court for the State of Colorado seeking to enjoin the imposition of the trusteeship.
 
 
 6
 Council's complaint was based upon Sections 302 and 304 of the Act, and it was alleged that the proposed imposition of a trusteeship over the Council by the AFL-CIO was in contravention of the provisions of the aforesaid Sections 302 and 304 of the Act. Jurisdiction was based upon those sections of the Act and also upon 28 U.S.C. Sec. 1337. After an evidentiary hearing, the trial court determined that it had jurisdiction and entered a preliminary injunction enjoining the AFL-CIO from imposing a trusteeship on the Council. Pursuant to the provisions of 28 U.S.C. Sec. 1292(a), AFL-CIO now seeks review of that injunctive order. As indicated, we are of the view that the trial court lacked jurisdiction over the subject matter of the controversy and accordingly was without jurisdiction to enter the preliminary injunction here complained of.
 
 
 7
 In arguing that the trial court had jurisdiction over the subject matter of the controversy between the parties to the end that the trial court had the requisite jurisdiction to enter the injunctive relief prayed for, the Council, as indicated, relies primarily on Sections 302[1] and 304[2] of Title III of the Act as conferring such jurisdiction.
 
 
 8
 Before considering the several sections of Title III, it would be well to bear in mind one of the several definitions appearing in the preamble to the Act itself. The phrase "labor organization" is first carefully defined in considerable detail in affirmative language, and then the definition concludes with the negative language that a "labor organization" is something "other than a State or local central body." In this regard, counsel are in apparent agreement that the Council is a state central body and not a "labor organization," as the latter is defined in the Act.
 
 
 9
 The fact that the Council is not a "labor organization" as defined in the Act goes to the heart of the controversy. In this regard, AFL-CIO and the Secretary of Labor, as amicus curiae, contend that the provisions of Title III relating to the imposition of a trusteeship by a labor organization contemplate only the imposition of a trusteeship by a parent labor organization over a subordinate labor organization and have no application to the situation where, as here, a labor organization attempts to impose a trusteeship over a state central body, since the latter is not a labor organization.
 
 
 10
 The Council argues that on the contrary, Sections 302 and 304 refer to the imposition of a trusteeship by a labor organization over a "subordinate body" and that the Council, being a "subordinate body" to the AFL-CIO, is entitled to avail itself of the limitations placed on the imposition of a trusteeship by Section 302 and of the provisions of Section 304 permitting a subordinate body to seek injunctive relief in the federal district court. In rejoinder to this particular argument, the AFL-CIO counters that if the phrase "subordinate body," as used in Sections 302 and 304 of the Act, be read in context, then the phrase "subordinate body" means "subordinate labor organization." We agree with this latter interpretation.
 
 
 11
 Counsel for both sides rely to some extent on the legislative history of the Act as supporting their particular interpretation of Title III. We regard the legislative history to be inconclusive, and prefer to resolve the matter on the basis of the Act itself. In reaching the conclusion that Title III is concerned only with the imposition of a trusteeship by a labor organization over a subordinate labor organization, and does not concern itself with the imposition of a trusteeship over a subordinate body such as a state central body, we are influenced by the following factors:
 
 
 12
 1. As indicated, in the definition section of the Act, the phrase "labor organization" is defined, inter alia, as being something "other than a State or local central body." The Act consists of six titles, and it is undisputed that Titles I, II, IV, V and VI have no application to state central bodies. In such circumstance we are disinclined to hold that out of the entire Act, Title III alone, and only two sections at that, has application to state central bodies, in the absence of a clear and unmistakable legislative intent that such was in fact intended. We find no such clear and unmistakable legislative intendment.
 
 
 13
 2. Section 301[3] of Title III by its express terms clearly applies only in the case of a trusteeship imposed on a subordinate labor organization, with that particular section requiring periodic accounting by the parent body when it imposes a trusteeship on a subordinate labor organization. Such being the case, it is difficult for us to understand why Congress would not similarly provide that when a labor organization imposes a trusteeship over a "subordinate body," such as a state central body, it must also make a periodic accounting of its trusteeship. Yet such is clearly not the case. So, assuming for the moment that Sections 302 and 304 of Title III be held to encompass state central bodies, as well as subordinate labor organizations, then in the case of a trusteeship over a subordinate labor organization the parent body must make a periodic accounting, but when it imposes a trusteeship over a subordinate body, such as a state central body, it need not make any periodic accounting. We do not believe that Congress intended any such different handling, all of which leads us to conclude that it was not the intent of Congress to include state central bodies under the coverage of any section of Title III.
 
 
 14
 3. Section 303[4] of Title III uses the phrase "labor organization under trusteeship" in its heading. Hence, we assume, and with justification we believe, that the body of Section 303 is concerned with, and limited to, "labor organizations under trusteeship." Nevertheless, the phrase "subordinate body" is used in the body of that section four times and then a switch is made and the phrase "labor organization" is next and last used in the proviso clause. Thus the two phrases "labor organization under trusteeship" and "subordinate body" are used, in a very real sense we submit, interchangeably in Section 303. Such suggests to us quite strongly that Congress contemplated that the "subordinate body" under trusteeship would be a "subordinate labor organization."
 
 
 15
 We concede that the Council in a literal sense is a "subordinate body" of the AFL-CIO. However, the Supreme Court has cautioned against a literal reading of labor legislation in general, and the Act in particular. Wirtz v. Bottle Blowers Association, 389 U.S. 463, 88 S.Ct. 643, 19 L.Ed.2d 705 (1968). And for the reasons above stated we are of the firm view that Sections 302 and 304 of Title III should not be read literally, and that, when read in context, the phrase "subordinate body" as used in those two sections means, and is limited to, "subordinate labor organizations."
 
 
 16
 The Council also contends that regardless of the construction given Sections 302 and 304 of the Act, the trial court nonetheless had subject matter jurisdiction by virtue of the provisions of 28 U.S.C. Sec. 1337.[5] In this regard, it has been held that although Sec. 1337 confers jurisdiction, it does not in and of itself create a cause of action. See, for example, B. F. Goodrich Company v. Northwest Industries, Inc., 424 F.2d 1349 (3d Cir. 1970). Assuming that the requirements of Sec. 1337 were otherwise met, it is clear to us that the action which the Council seeks to maintain in nowise arises under the Act. For the reasons set forth above, we have held to the contrary. Accordingly, Sec. 1337 does not in and of itself confer jurisdiction upon the trial court to enter the preliminary injunction here complained of.
 
 
 17
 The Third Circuit, in a factual situation akin to that of the instant one, has quite recently reached the same result as have we and on similar reasoning. New Jersey County and Municipal Council No. 61 v. American Federation of State, County and Municipal Employees, 3 Cir., 478 F.2d 1156, their case decided May 4, 1973. There, as here, the trial court enjoined the effectuation of a trusteeship by a parent labor organization over a subordinate body which, under the Act, was not a labor organization. There, the subordinate body over which the trusteeship was sought to be imposed was not a state central body, but a local union which limited its membership to public employees and accordingly under the terms of the Act was not a labor organization. In such setting, the Third Circuit stated that the "only conclusion which we can reasonably reach is that public employee unions are not covered by the phrase 'subordinate body' in Secs. 302 and 304." Accordingly, the Third Circuit reversed the trial court on the ground that under the circumstances it had "no subject matter jurisdiction."
 
 
 18
 The preliminary injunction heretofore entered by the trial court is accordingly vacated and the cause is now remanded to the trial court with directions to dismiss the action.
 
 
 
 [1]
 "Sec. 302. Trusteeships shall be established and administered by a labor organization over a subordinate body only in accordance with the constitution and bylaws of the organization which has assumed trusteeship over the subordinate body and for the purpose of correcting corruption or financial malpractice, assuring the performance of collective bargaining agreements or other duties of a bargaining representative, restoring democratic procedures, or otherwise carrying out the legitimate objects of such labor organization." (Emphasis added.)
 
 
 [2]
 "Sec. 304. (a) Upon the written complaint of any member or subordinate body of a labor organization alleging that such organization has violated the provisions of this title (except section 301) the Secretary shall investigate the complaint and if the Secretary finds probable cause to believe that such violation has occurred and has not been remedied he shall, without disclosing the identity of the complainant, bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate. Any member or subordinate body of a labor organization affected by any violation of this title (except section 301) may bring a civil action in any district court of the United States having jurisdiction of the labor organization for such relief (including injunctions) as may be appropriate." (Emphasis added.)
 
 
 [3]
 "Sec. 301. (a) Every labor organization which has or assumes trusteeship over any subordinate labor organization shall file with the Secretary within thirty days after [the date] of any such trusteeship, and semiannually thereafter, a report, signed by its president and treasurer or corresponding principal officers, as well as by the trustees of such subordinate labor organization, containing the following information: (1) the name and address of the subordinate organization; (2) the date of establishing the trusteeship; (3) a detailed statement of the reason or reasons for establishing or continuing the trusteeship; and (4) the nature and extent of participation by the membership of the subordinate organization in the selection of delegates to represent such organization in regular or special conventions or other policy-determining bodies and in the election of officers of the labor organization which has assumed trusteeship over such subordinate organization. The initial report shall also include a full and complete account of the financial condition of such subordinate organization as of the time trusteeship was assumed over it. During the continuance of a trusteeship the labor organization which has assumed trusteeship over a subordinate labor organization shall file on behalf of the subordinate labor organization the annual financial report required by section 201(b) signed by the president and treasurer or corresponding principal officers of the labor organization which has assumed such trusteeship and the trustees of the subordinate labor organization." (Emphasis added.)
 
 
 [4]
 "Unlawful Acts Relating to Labor Organizations under Trusteeship
 "Sec. 303. (a) During any period when a subordinate body of a labor organization is in trusteeship, it shall be unlawful (1) to count the vote of delegates from such body in any convention or election of officers of the labor organization unless the delegates have been chosen by secret ballot in an election in which all the members in good standing of such subordinate body were eligible to participate or (2) to transfer to such organization any current receipts or other funds of the subordinate body except the normal per capita tax and assessments payable by subordinate bodies not in trusteeship: Provided, That nothing herein contained shall prevent the distribution of the assets of a labor organization in accordance with its constitution and bylaws upon the bona fide dissolution thereof." (Emphasis added.)
 
 
 [5]
 "The district courts shall have jurisdiction of any civil action or proceeding arising under any act of Congress regulating commerce or protective trade and commerce against restraints and monopolies."