Mildred Lee ROGERS, Plaintiff,

v.

FRITO–LAY, INC., Defendant.

Civ. A. No. CA 3–76–1481–C.

United States District Court,
N. D. Texas,
Dallas Division.

June 8, 1977.

James C. Barber and Kenneth R. Massman, Dallas, Tex., for plaintiff.

John B. Nelson, Dallas, Tex., Duane C. Aldrich and William A. Wright, Kilpatrick, Cody, Rogers, McClatchey & Regenstein, Atlanta, Ga., for defendant.

## MEMORANDUM ORDER

WILLIAM M. TAYLOR, Jr., District Judge.

The complaint in this action as amended alleges causes of action under Sections 503 and 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 793 and 794, with jurisdiction under 28 U.S.C. §§ 1331(a), 1337, 1343(4), 2201, and 2202. Plaintiff also alleges pendent jurisdiction over a claim under the Texas Workmen's Compensation Act. Defendant filed a motion to dismiss for lack of subject matter jurisdiction, which, in view of the affidavit, requests for production, interrogatories, and responses which have been filed, is treated as a motion for summary judgment and granted for the reasons stated hereinafter.

### Section 793

I conclude that a private cause of action for handicapped employees should

not be implied under 29 U.S.C. § 793. This statute requires that federal contracts worth more than $2,500 contain a provision obligating the contractor to "take affirmative action to employ and advance in employment qualified handicapped individuals." Section 793 was intended to cover that large number of private businesses whose only receipts of federal funds involve transactions in which goods or services are sold to the government for their fair market value. Congress intended by § 793 to direct federal agencies to exercise their purchasing power in such a way as to bring about improved employment opportunities for the handicapped.

Under the standards laid down in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), this court cannot imply a private right of action for handicapped employees of federal contractors under § 793. To do so would be to go far beyond the intent of Congress.

Plaintiff alleges, as she must, that she is a handicapped individual, that she is qualified for a specific job from which she was terminated by Frito-Lay, and that Frito-Lay is a government contractor. Since § 793 applies only to "qualified handicapped individuals," and the burden of proof of statutory coverage is on the complainant, the complainant must prove all three allegations before the contractor is subject to a § 793 duty. "[S]ection 503 itself relates solely to employment and thus the adjective 'qualified' in modification of 'handicapped individual' in that section clearly requires that the 'employability' of the handicapped individual in question is a prerequisite to section 503 application." S.Rep.No. 93–1297, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin. News pp. 6373, 6390. Assuming for purposes of this motion to dismiss that the allegations of the complaint are true, however, plaintiff is "one of the class for whose *especial* benefit" § 793 was enacted, and satisfies the first of the four *Cort* tests.

The second of the four tests, evidence of legislative intent, weighs strongly against plaintiff. Section 793(b) explicitly provides a procedure for administrative enforcement of a contractor's affirmative action obligations, to be initiated by private complaints. Investigation and enforcement responsibilities are specifically delegated to the Department of Labor. Furthermore, Congress has rejected the perennial attempts to amend Title VII to give handicapped employees and applicants a private right of action. The following proposed amendments to the Civil Rights Act of 1964 have never mustered sufficient support for passage: H.R. Nos. 264, 461, 1107, 1200, 1995, 95th Cong., 1st Sess. (1977); S. Nos. 1311, 1757, H.R. Nos. 1346, 1886, 2515, 3497, 4624, 4625, 4626, 5016, 7061, 7754, 7758, 7946, 8028, 8417, 12,541, 94th Cong. (1975–76); S. 1780, H.R. Nos. 1120, 2685, 10,960, 11,986, 11,987, 12,654, 12,916, 13,199, 13,200, 93d Cong. (1973–74); H.R. 10,962, 92d Cong. (1972). The repeated defeats of efforts to amend Title VII to add coverage for handicapped persons, coupled with the explicit grant of a private administrative remedy in § 793(b), make it quite clear that Congress did not intend to bestow a private right to bring suit in court upon qualified handicapped employees. *National Railroad Passenger Corp. v. National Association of Railroad Passengers*, 414 U.S. 453, 458, 94 S.Ct. 690, 693, 38 L.Ed.2d 646, teaches that "when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." [1]

Implication of a private right of action would be inconsistent with the purpose of § 793 for several reasons. The statute does not use the term "discrimination," and legal analysis based on comparative treatment of "the handicapped" as a group and the non-handicapped seems inappropriate, at least in the individualized job context. There is no readily identifiable and homogeneous class of handicapped persons; handicaps of-

---

1. Courts have been reluctant to imply private rights of action for employees against employers subject to comprehensive federal regulation. *See, e. g., Jeter v. St. Regis Paper Co.,* 507 F.2d 973 (5th Cir. 1975) (employee does not have an implied private right of action under the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651–678); *Martinez v. Behring's Bearings Serv., Inc.,* 501 F.2d 104 (5th Cir. 1974) (no implied private right of action for wrongful discharge under the antidiscrimination provisions of the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3)); *Flores v. George Braun Packing Co.,* 482 F.2d 279 (5th Cir. 1973)

ten affect job abilities and productivity; and different treatment of the handicapped normally stems from sympathetic rather than intolerant motives. Furthermore, courts may not presume that the administrative scheme established by § 793(b) and the companion regulations of the Department of Labor will be inadequate without resort to private federal actions. Such suits might impair and delay the orderly development of enforcement precedent in this new and uncharted field, and interfere with conciliation efforts. The third *Cort* test thus weighs against the plaintiff.

The fourth *Cort* criterion counsels restraint in interfering with state regulation. Texas Rev.Civ.Stat.Ann. Art. 4419e (1975) prohibits employment discrimination on the basis of handicap "if the person's ability to perform the task required by a job is not impaired by the handicap and the person is otherwise qualified for the job." An implied federal private right of action might thus duplicate available state remedies and substantially increase the possibility of inconsistent judgments by federal courts, federal administrative agencies, state courts, and state administrative agencies.

Having considered all the relevant facts of the *Cort* test, I conclude that a private right of action should not be implied under § 793.

*Section 794*

Plaintiff also claims an implied private cause of action under 29 U.S.C. § 794, which provides:

> No otherwise qualified handicapped individual in the United States, as defined in section 706(6) of this title, shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

■ The Seventh Circuit has held that there is an implied private right under

---

(no implied private right of action against an employer for deprivation of a job based on the alleged employment of Mexican nationals illegally in the United States under the Immigration and Nationality Act, 8 U.S.C. §§ 1101(a)(15)(A)(ii), 1182(a)(14), 1324); *Chavez v. Freshpict Foods, Inc.*, 456 F.2d 890 (10th Cir.), *cert. denied*, 409 U.S. 1042, 93 S.Ct. 535, 34 L.Ed.2d 492 (1972) (same); *Hines v. Cenla Community Action Comm., Inc.*, 474 F.2d 1052 (5th Cir. 1973) (no implied private right of action for discharge under the Economic Opportunity Act, 42 U.S.C. § 2796); *Breitwieser v. KMS Indus., Inc.*, 467 F.2d 1391 (5th Cir. 1972), *cert. denied*, 410 U.S. 969, 93 S.Ct. 1445, 35 L.Ed.2d 705 (1973) (no implied private right to bring wrongful death action based on violation of child labor provisions of Fair Labor Standards Act, 29 U.S.C. § 212); *Farkas v. Texas Instrument, Inc.*, 375 F.2d 629 (5th Cir.), *cert. denied*, 389 U.S. 977, 88 S.Ct. 480, 19 L.Ed.2d 471 (1967) (no implied private right of action under Exec.Order No. 10,925, the predecessor of Exec. Order No. 11,246); *Farmer v. Philadelphia Elec. Co.*, 329 F.2d 3, 8 (3d Cir. 1964) (same); *United States v. Lovknit Mfg. Co.*, 189 F.2d 454 (5th Cir. 1951) (no implied private right of action for violation of maximum hour standards of Walsh-Healey Act, 41 U.S.C. §§ 35–45). *But see Stewart v. Travelers Corp.*, 503 F.2d 108 (9th Cir. 1974) (employee discharged for wage garnishment for one indebtedness has private right of action under the Consumer Protection Credit Act, 15 U.S.C. § 1674(a)); *Gomez v. Florida State Employment Serv.*, 417 F.2d 569 (5th Cir. 1969) (migrant farm workers have implied private right

of action under Wagner-Peyser Act, 29 U.S.C. § 49–49k).

The cases holding that there is no implied private right of action for an employee against a federal contractor under Exec. Order No. 11,246 include *Masco v. United Airlines*, 13 Fair Empl.Prac.Cas. 1549 (W.D.Pa.1976); *Jackson v. University of Pittsburgh*, 405 F.Supp. 607 (W.D.Pa.1975); *Traylor v. Safeway Stores, Inc.*, 402 F.Supp. 871 (N.D.Cal.1975); *Lewis v. FMC Corp.*, 11 Fair Empl.Prac.Cas. 31, 34 (N.D. Cal.1975); *Baer v. Standard Oil Co.*, No. C–71–2106–OJC (N.D.Cal. Feb. 14, 1973) (unpublished memorandum and order); *Bradford v. Peoples Natural Gas Co.*, 60 F.R.D. 432, 436 (W.D.Pa.1973); *Lau v. Standard Oil Co.*, No. C–72–434–WTS (N.D.Cal. Oct. 26, 1972) (unpublished memorandum and order); *Braden v. University of Pittsburgh*, 343 F.Supp. 836 (W.D.Pa.1972) *remanded on other grounds*, 477 F.2d 1 (3d Cir. 1973). *Contra, Lewis v. Western Airlines, Inc.*, 379 F.Supp. 684 (N.D.Cal. 1974). *See also United States v. Duquesne Light Co.*, 423 F.Supp. 507 (W.D.Pa.1976) (government may seek back pay for employees adversely affected by contractor's violation of Exec. Order No. 11,246).

The Department of Labor itself now recognizes that Exec. Order No. 11,246 "does not create a private right of action against the contractor which the complainant may pursue in a court of law in the event the resolution of the complaint is not satisfactory to the complainant." 41 Fed.Reg. 40,352 (1976) (proposed 41 C.F.R. § 60–1.30).

§ 794 for a class of handicapped individuals to seek judicial review of decisions by public authorities which perpetuate the inaccessibility of a public transportation system to the mobility-disabled. *Lloyd v. Regional Transportation Authority*, 548 F.2d 1277 (7th Cir. 1977). The court construed the legislative history of § 794 as contemplating "judicial review of an administrative proceeding as contradistinct from an independent cause of action in federal court." *Id.*, at 1286. Any private cause of action under § 794 appears to be limited to entities which receive federal grants in the nature of gifts to support activities deemed to be in the public interest or for the public welfare. The term "federal financial assistance" as used in § 794 does not comprehend government procurement contracts but rather refers to the form of grant assistance that goes primarily to public entities.

■ Plaintiff has conducted discovery on the issue of whether Frito-Lay receives any such federal financial assistance or has received such assistance since the effective date of § 794. Frito-Lay's sworn responses show that it had not. Treating Frito-Lay's motion to dismiss as a motion for summary judgment, therefore, I grant the motion in favor of defendant.

### Other Alleged Jurisdictional Grounds

■ Since plaintiff's complaint does not show that she has a federal right under § 793 or § 794, neither 28 U.S.C. § 1331(a), (federal question) nor § 1343(4) (federal civil right) confers federal court jurisdiction. Likewise, claims under 28 U.S.C. § 2201 and § 2202 are not cognizable, since "the declaratory judgment statute is not a jurisdictional act. It provides only a remedy in cases in which the court has jurisdiction from other sources." *National Foundation v. City of Fort Worth, Texas*, 307 F.Supp. 177, 179 (N.D.Tex.1967), *aff'd*, 415 F.2d 41 (5th Cir. 1969); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950). Nor can 28 U.S.C. § 1337 provide a basis for plaintiff's claims. *See B. F. Goodrich Co. v. Northwest Industries, Inc.*, 424 F.2d 1349, 1354 (3d Cir.), *cert. denied*, 400 U.S. 822, 91 S.Ct. 41, 27 L.Ed.2d 50 (1970) ("Although § 1337 creates jurisdiction, it does not create a cause of action.");

*Russo v. Kirby*, 453 F.2d 548, 551 (2d Cir. 1971); *Colorado Labor Council, AFL–CIO v. American Federation of Labor and Congress of Industrial Organizations*, 481 F.2d 396, 400 (10th Cir. 1973); *Weigand v. Afton View Apartments*, 473 F.2d 545, 548–49 (8th Cir. 1973); *Potomac Passengers Assoc. v. Chesapeake and Ohio Ry. Co.*, 171 U.S.App. D.C. 359, 520 F.2d 91 (1975). Finally, there is no pendent jurisdiction over state law claims where there is no substantive federal jurisdiction. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

For the foregoing reasons this action is hereby dismissed with prejudice. Costs are to be taxed against plaintiff.