**Howard L. MOON**

v.

**ROADWAY EXPRESS, INC.**

**Civ. A. No. C77–908.**

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 3, 1977.

---

9. Tr. p. 260.

10. Tr. p. 277.

Beverly B. Bates, Bates, Baum & Landy, Atlanta, Ga., for plaintiff.

Charles Kelso, Ann Margaret Pointer, Fisher & Phillips, Atlanta, Ga., for defendant.

### ORDER

MURPHY, District Judge.

This case concerns alleged violations of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.,* and specifically 29 U.S.C. § 793. Plaintiff alleges that he is a handicapped individual who suffered employment discrimination at the hands of the defendant. The case is before the court on defendant's motion to dismiss the complaint for a lack of jurisdiction.

1. The focus of this motion is defendant's contention that the section under which plaintiff is proceeding does not authorize a private cause of action. As provided by 29 U.S.C. § 793(b):

> *Administrative Enforcement—Complaints—Investigations—Departmental action.* If any handicapped individual believes any contractor has failed or refuses to comply with the provisions of his contract with the United States, relating to employment of handicapped individuals, such individual may file a complaint with the Department of Labor.

Subdivision (a) provides for an affirmative action program by the United States government to seek employment and advancement for qualified handicapped individuals. Under that section, the United States is to secure provisions providing for such programs in all contracts in excess of $2,500.00. Subdivision (c) provides for a waiver of such affirmative action obligations when special circumstances require.

Plaintiff seeks to establish a private cause of action from this section. The four requirements for an implied private cause were established in *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). First, is the plaintiff "one of the class for whose especial benefit the statute was enacted"? Second, is there an indication of any intent to create or deny the private cause of action? Third, is the creation of a private cause of action consistent with the legislative purpose? Fourth, is the cause of action one traditionally relegated to State Law? 422 U.S. at 78, 95 S.Ct. at 2088.

Plaintiff's primary obstacles arise under the second and third of these requirements. Congress has created an affirmative action program in 29 U.S.C. § 793. They have not forbade "discrimination" against the handicapped; indeed, they have not even mentioned discrimination. The purview of this section is the encouragement of employment of the handicapped on government jobs. The limited range of the statute does not include the creation of a private cause of action.

The availability of a private cause of action under 29 U.S.C. § 793 has been examined by one Federal Court. In *Rogers v. Frito-Lay Inc.* 433 F.Supp. 200 (N.D.Tex. 1977), the court found implication of a private cause of action to be inconsistent with the legislative intent behind the Rehabilitation Act of 1973. The Court relied upon Congressional rejection of "the perennial attempts" to amend Title VII of the Civil Rights Act of 1964 to give handicapped individuals a private cause of action for discriminatory practices. See 433 F.Supp. at 202. That court could not find a readily identifiable class of handicapped persons, nor would they presume the companion reg-

ulations of the Department of Labor would be inadequate. For these reasons and more, the Northern District of Texas has refused to find an implied private cause of action in the Rehabilitation Act of 1973.

Counsel for plaintiff focuses upon *Gomez v. Florida State Employment Service,* 417 F.2d 569, 576 (5th Cir. 1969) as demonstrating a Fifth Circuit propensity to imply a civil cause of action in statutes administered by the Secretary of Labor. The statute in question in *Gomez* was the Wagner-Peyser Act, 29 U.S.C. § 49 *et seq.,* which established, through the Act and Labor Department regulations, rights and remedies for migratory farm workers accepting work through employment systems established by the Act. The Fifth Circuit found that "[a]bsent an implied remedy, the workers have no protection". Under the Wagner-Peyser Act, a state which did not comply with federal employment guidelines was subject only to a loss of federal funding. No one could go to court.

The factors requiring a judicially created private cause of action in *Gomez* are not present here. In the case at bar, a party not in compliance with their obligations under the Rehabilitation Act is subject to judicial control. As provided by 41 C.F.R. § 60–741.28(b):

> Judicial enforcement. In addition to the administrative remedies set forth herein, the Director, may within the limitations of applicable law, seek appropriate judicial action to enforce the contractual provisions . . .

The Rehabilitation Act, and the implementing regulations, clearly enumerate the circumstance under which a judicial remedy is appropriate as well as who may seek judicial enforcement. Neither permits private enforcement.

The Fifth Circuit has previously held that the Walsh-Healey Act does not create a private cause of action, *United States v. Lovknit Mfg. Co.,* 189 F.2d 454 (1951); that the Fair Labor Standards Act does not create a private cause of action, *Breitwieser v. KMS Industries, Inc.,* 467 F.2d 1391 (1972) and *Martinez v. Behring's Bearings Service, Inc.,* 501 F.2d 104 (1974); and that the

Occupational Safety and Health Act does not create a private cause of action, *Jeter v. St. Regis Paper Co.,* 507 F.2d 973 (1975). *Gomez* notwithstanding, implied private causes arise only where the law creating a right provides no remedy. *Breitwieser,* supra, 467 F.2d at 1392.

In summation, no private cause is to be implied from 29 U.S.C. § 793. In an application of the ancient maxim *expressio unius est exclusio alterius,* "when legislation expressly provides a particular remedy or remedies, courts should not expand the coverage of the statute to subsume other remedies." *National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers,* 414 U.S. 453, 458, 94 S.Ct. 690, 693, 38 L.Ed.2d 646 (1974).

2. In light of the foregoing, defendant's motion for extension of time is moot.

3. Accordingly, defendant's motion to dismiss for lack of jurisdiction is GRANTED.

SO ORDERED, this 3rd day of October, 1977.