Richard E. DOSS, Plaintiff,

v.

GENERAL MOTORS CORPORATION, Defendant.

No. 79–0034–D.

United States District Court, C. D. Illinois.

July 6, 1979.

---

Harlan Heller, Harlan Heller, Ltd., Mattoon, Ill., Finch & Kuehl, Champaign, Ill., for plaintiff.

John B. Jenkins, Gunn, Hickman, Kesler, Jenkins & Brougher, P. C., Danville, Ill., Patricia A. Brandin and Michael A. Warner, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant.

## ORDER

BAKER, District Judge.

Plaintiff claims defendant denied him employment as a foundry worker on three occasions because of a physical handicap, a total loss of hearing in his right ear and a major impairment of hearing in his left ear. Count I of the suit is brought under the Illinois Equal Opportunity for the Handicapped Act, Ill.Rev.Stat., ch. 38, §§ 65–21 through 65–31 (1977) and Count II is brought under the Federal Rehabilitation Act. 29 U.S.C. § 793. General Motors has moved to dismiss the complaint for failure to state a claim under F.R.Civ.P. 12(b)(6), because (1) the plaintiff does not allege a physical handicap within the meaning of the Illinois statutes and (2) the federal statute does not provide a private right of action.

### I

The Illinois statute defines physical or mental handicap as "a handicap unrelated to one's ability to perform jobs or positions available to him for hire or promotion . . . ." Ill.Rev.Stat., ch. 38, § 65–22 (1977). The only state case which addresses the definitional issue of handicap, *Advocates for Handicapped v. Sears Roebuck,* 67 Ill.App.3d 512, 517, 24 Ill.Dec. 272, 276, 385 N.E.2d 39, 43 (1979), holds that the handicap question turns on *"whether the character of the disability is one which is generally perceived as one which severely limits the individual in performing work-related functions."*

In *Advocates for Handicapped* the court ruled that the legislature did not intend the statute to cover a plaintiff with nephritis which prevented him from lifting heavy weights and that nephritis was not a handicap within the meaning of the Illinois statute. Sears had contended that the reason for plaintiff's rejection was his inability to qualify for Sears employee insurance program.

Here, General Motors asserts that plaintiff was denied employment solely because of the danger of ear infection to a person with his physical condition. Plaintiff's hearing, and the condition of his ears, General Motors says, is not a physical impairment that the legislature envisioned as coming within the protection of the Handicapped Act.

This is an attempt to twist the facts to fit *Advocates for Handicapped, supra,* and is not persuasive. The reasons for General Motors rejection of plaintiff's employment application and the foundation for those reasons raise issues of fact which cannot be decided on a Rule 12(b)(6) motion to dismiss.

This Court concludes that the significant loss of hearing alleged by the plaintiff is a type of handicap which the Illinois Legislature sought to include under the provisions of the Handicap Act. Furthermore, the loss of hearing fits the definition set forth by the Illinois Appeals Court in *Advocates for Handicapped, supra* because it is generally perceived that hearing loss severely limits an individual in performing work-related functions.

## II

■ Plaintiff's second count claims relief under the Federal Rehabilitation Act, 29 U.S.C. § 793, which prohibits job discrimination against handicapped persons by companies holding federal government contracts. However, the statute specifically provides that individuals alleging discrimination must file a complaint with the Department of Labor to secure a remedy. Plaintiff argues that the creation of an administrative remedy does not preclude the existence of a parallel private cause of action. Plaintiff urges that § 793 was intended to be administered in a manner consistent and uniform with § 794, which has been construed as allowing a private cause of action.

The Supreme Court identified four relevant factors for determining whether a statute authorizes private action. In *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) the Court held:

"First, is the plaintiff 'one of the class for whose *special* benefit the statute was enacted,' . . . that is, does that statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or deny one? . . . Third, is it consistent with the underlying purpose of the legislative scheme to imply such a remedy for the plaintiff: . . . And, finally, is it one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?" *Id.* at 78, 95 S.Ct. at 2088.

The *Cort* analysis was applied to § 793 by four district court decisions which this court finds persuasive. Each decision held that § 793 did not create a private right of action for an aggrieved claimant. *Wood v. Diamond State Telephone,* 440 F.Supp. 1003 (D.Del.1977), *Moon v. Roadway Express,* 439 F.Supp. 1308 (N.D.Ga.1977), and *Rogers v. Frito-Lay,* 433 F.Supp. 200 (N.D.Tex. 1977).

Particularly persuasive is *Anderson v. Erie Lackawanna Ry. Co.,* 468 F.Supp. 934 (N.D.Ohio 1979) which provides a close examination of each of the *Cort* factors as they apply to § 793 and gives an analysis of the legislative history of the Rehabilitation Act.

This court concludes that it should not take an approach contrary to that which has been taken in the four Districts cited. The opinions of those courts are authoritative and well reasoned and this Court also holds that no private right of action is given under § 793 of the Rehabilitation Act. Rather, the aggrieved party is limited to an administrative remedy through the Department of Labor.

IT IS THEREFORE ORDERED that defendant's motion to dismiss Count I of the complaint is denied. Defendant's motion to dismiss Count II of the complaint is allowed. Defendant is ruled to answer Count I within twenty (20) days.