KANAWHA VALLEY LABOR COUNCIL, AFL–CIO, an unincorporated association; Robert F. Buckalew; Henry C. Greene; Harold F. Hoffman; Glen Huffman; Kenneth Nelson; Charles B. Robinson; Dale Roush; Donald E. Withrow, and Charleston Professional Firefighters Association, Inc., a corporation; Appellants,

v.

AMERICAN FEDERATION OF LABOR AND CONGRESS OF INDUSTRIAL ORGANIZATIONS, an unincorporated association; Lane Kirkland; and Walter J. Waddy; Appellees.

No. 81–1212.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 5, 1981.

Decided Dec. 14, 1981.

David Grabill, Charleston, W. Va., for appellants.

Laurence Gold, Washington, D. C. (Janet Kohn, Washington, D. C., James B. McIntyre, Charleston, W. Va., J. Albert Woll, Washington, D. C., on brief), for appellees.

Before WIDENER, MURNAGHAN and CHAPMAN, Circuit Judges.

MURNAGHAN, Circuit Judge:

The Kanawha Valley Labor Council (KVLC) sought relief from a trusteeship imposed on it by the American Federation of Labor and Congress of Industrial Organizations (AFL–CIO). KVLC based its complaint on sections 302 and 304 of Title III of the Labor-Management Reporting and Disclosure Act (LMRDA), 29 U.S.C. §§ 462, 464, and alleged that the trusteeship contravened those sections both by the purpose for which it was brought into existence and by the lack of fair process with which it was imposed. Jurisdiction was based upon sections 302 and 304 of the LMRDA and also upon 28 U.S.C. § 1337. The United States District Court for the Southern District of West Virginia dismissed the complaint on the grounds that it lacked jurisdiction to consider the subject matter of the controversy. We agree.

KVLC is a local central body affiliated with defendant AFL–CIO and composed of local unions and other organizations. It is involved in a broad range of community activities, and represents the interests of its members in dealing with, among others, governmental agencies and legislative bodies. KVLC maintains that the AFL–CIO imposed the trusteeship as retaliation for the KVLC's refusal to support various political candidates in the Fall 1980 elections.

While KVLC is concededly not a "labor organization" under the LMRDA,[1] the ques-

---

1. 29 U.S.C. § 402(i):

"Labor organization" means a labor organization engaged in an industry affecting commerce and includes any organization of any kind, any agency, or employee representation committee, group, association, or plan so engaged in which employees participate and which exists for the purpose, in whole or in

tion remains whether it is a "subordinate body" entitled to avail itself of the limitations and protections of the LMRDA's trusteeship provisions.[2] In factual situations similar to the instant case, the Third and Tenth Circuits, after considering the legislative history of the LMRDA, the exclusion of certain entities from the definition of "labor organization," the failure to regulate those entities in the other five titles of the LMRDA, the use of the term "subordinate labor organization" in section 301, and the interchangeability of the terms "labor organization" and "subordinate body," concluded that the term "subordinate body" in sections 302 and 304 means "subordinate labor organization." *New Jersey County and Municipal Council # 61 v. American Federation of State, County and Municipal Employees, AFL–CIO,* 478 F.2d 1156 (3d Cir. 1973), *cert. denied,* 414 U.S. 975, 94 S.Ct. 290, 38 L.Ed.2d 218 (1973) (public employees union); *Colorado Labor Council, AFL–CIO v. American Federation of Labor and Congress of Industrial Organizations,* 481 F.2d 396 (10th Cir. 1973) (state central body). Our own perusal of the LMRDA's language, structure, and legislative history leads us to the same conclusion. KVLC, not being a "labor organization" under the LMRDA, is without its protections.

■ KVLC also asserts that, regardless of the construction given sections 302 and 304, the district court had jurisdiction by virtue of 28 U.S.C. § 1337.[3] Although § 1337 confers jurisdiction on the district courts, it does not create causes of action. *See Montana-Dakota Utilities Co. v. Northwestern Public Service Co.,* 341 U.S. 246, 71

S.Ct. 692, 95 L.Ed. 912 (1951). Thus the argument under § 1337 comes the same cropper as the contention under LMRDA § 302. The necessity of a substantive cause of action remains unsatisfied, even though existence of jurisdiction to entertain such a substantive claim once it is shown that there is one, is established. That is the case here precisely because KVLC, not being a labor organization, is not a "subordinate body," and so has no cognizable right of action under LMRDA § 302. *See Colorado Labor Council, AFL–CIO v. American Federation of Labor and Congress of Industrial Organizations, supra,* at 400.

■ Lastly, KVLC has argued on appeal (although the point does not appear to have been raised below) that section 301(a) of the Taft-Hartley Act, 29 U.S.C. § 185(a), provides a basis for the district court's jurisdiction. Customarily such failure to raise a point below precludes its consideration by us. However, the issue bears close relationship to the arguments under 28 U.S.C. § 1337 and LMRDA § 302, and we find it appropriate to demonstrate why the point is lacking in merit. That section provides jurisdiction over "suits for violation of contracts ... between any such labor organizations...." "Labor organization" is defined in section 2(5) of Taft-Hartley, 29 U.S.C. § 152(5), as

... any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and *which exists for the purpose, in whole or in part, of dealing with employers* concerning grievances, labor disputes,

---

part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment, and any conference, general committee, joint or system board, or joint council so engaged which is subordinate to a national or international labor organization, *other than a State or local central body.* (Emphasis added.)

**2.** Section 302 of the LMRDA reads:
Trusteeships shall be established and administered by a labor organization over a subordinate body only in accordance with the constitution and bylaws of the organization which has assumed trusteeship over the sub-

ordinate body and for the purpose of correcting corruption or financial malpractice, assuring the performance of collective bargaining agreements or other duties of a bargaining representative, restoring democratic procedures, or otherwise carrying out the legitimate objects of such labor organization. 29 U.S.C. § 462.

**3.** The district court shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

wages, rates of pay, hours of employment, or conditions of work. [emphasis added]

Although KVLC asserts that its activities fall within the scope of the section, nothing has been alleged in the complaint which would indicate that KVLC deals with employers over matters affecting the employees. Absent such a demonstration, KVLC is not a "labor organization" as that term is defined for the purposes of Taft-Hartley, *NLRB v. Cabot Carbon Co.*, 360 U.S. 203, 79 S.Ct. 1015, 3 L.Ed.2d 1175 (1958), and hence that statute does not afford a jurisdictional basis for the suit.

JUDGMENT AFFIRMED.